## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ZACHARY SUCCOW, SAMUEL TOWNE; CONNECTICUT CITIZENS DEFENSE LEAGUE, INC.; AND SECOND AMENDMENT FOUNDATION, INC., | |
| Plaintiffs, | CIV. NO. 3:25-cv-250 |
| v. | |
| PAMELA JO BONDI, in her official capacity; RONNELL HIGGINS, in his official capacity; MARGARET A. KELLEY, in her official capacity; PAUL J. NARDUCCI, in his official capacity; JOHN BUCHERATI, in his official capacity; PATRICK DALEY, in his official capacity; | February 18, 2025 |
| Defendants. | **COMPLAINT** |

1.      Both federal and Connecticut law prohibit law-abiding adult citizens between the ages of 18-20 from purchasing, obtaining ownership of, keeping, and bearing handguns – the most popular arms in the United States – for self-defense and all other lawful purposes.

2.      The apparent rationale behind this legal scheme is a speculative government-value judgment that law-abiding adult citizens between the ages of 18-20 are not responsible enough to keep and bear handguns.

3.      The United States Supreme Court has rejected the notion that ordinary citizens may be disarmed because the government speculates that they may potentially be irresponsible with a firearm. *United States v. Rahimi*, 144 S.Ct. 1889, 1903 (2024).

4.　　Nothing in our nation's history and tradition supports disarming ordinary adults entitled to the full rights and privileges of law-abiding citizens because of their age. Instead, our nation's history and traditions point in the opposite direction and demonstrate that ordinary adults between 18-20 were required to possess arms.

5.　　Zachary Succow and Samuel Towne are law-abiding citizens who meet all of the qualifications to obtain, keep, and bear handguns for self-defense and all other lawful purposes except the age-requirements speculatively and arbitrarily imposed by both federal and Connecticut law.

6.　　Zuccow and Towne bring this action under 42 U.S.C. § 1983 and 28 U.S.C. § 2201-2202 seeking declaratory and injunctive relief against federal law that prohibits them from obtaining handguns, and Connecticut laws that prohibit them from obtaining either a handgun eligibility certificate – which would allow them to purchase and keep a handgun for home defense – or a Connecticut pistol permit – which would allow them to carry a loaded handgun outside of the home or place of business, for self-defense and all other lawful purposes.

## **JURISDICTION AND VENUE**

The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 2201 as well as 42 U.S.C. § 1983. Venue is appropriate under 28 U.S.C. § 1391 because the plaintiffs and most of the Defendants are domiciled in Connecticut, and all of the factual events giving rise to the cause of action occurred in Connecticut.

## PARTIES

### *Plaintiff Zachary Succow*

7.    Plaintiff Zachary Succow is a citizen of the United States and a resident of Seymour, Connecticut.

8.    Succow is 19 years of age.

9.    Succow started shooting firearms when he was 8 or 9, under the supervision of his father, who taught him the principles of handling firearms safely and responsibility.

10.    Succow has held positions of responsibility in his community, including working as a lifeguard at the Naugatuck YMCA as a lifeguard and at Mount Southington as a snowboard instructor.

11.    Except for his age, Succow meets all of the federal and Connecticut requirements to obtain a handgun eligibility certificate to obtain and keep a handgun.

12.    Except for his age, Succow meets all of the federal and Connecticut requirements to obtain a Connecticut pistol permit so that he can carry a loaded handgun for self-defense and other lawful purposes.

13.    Succow wishes and intends to obtain a handgun for self-defense and all other lawful purposes immediately.

14.    To obtain that handgun, Succow intends to apply for a Connecticut state pistol permit and any temporary permits necessary to obtain a Connecticut state pistol permit.

15.    Succow is a member and supporter of Connecticut Citizens Defense League and the Second Amendment Foundation.

*Plaintiff Samuel Towne*

16.      Plaintiff Samuel Towne is a citizen of the United States and a resident of Norwich, Connecticut.

17.      Towne is 19 years of age.

18.      Towne has used rifles as part of his membership in the Boy Scouts and received instruction on how to safely handle and use firearms in that context.

19.      Towne completed all of the safety training associated with obtaining a Connecticut long gun eligibility certificate.

20.      Except for his age, Towne meets all of the federal and Connecticut requirements to obtain a Connecticut pistol permit and obtain, keep, and bear handguns, ammunition, and any other legal firearm.

21.      He wishes and intends to obtain a handgun for self-defense and all other lawful purposes immediately.

22.      In particular, Towne does not feel safe in the City of Norwich and other Connecticut towns that he visits, and he wishes to obtain a handgun for self-defense as soon as possible.

23.      To obtain that handgun, Towne intends to apply for a Connecticut state pistol permit and any temporary permits necessary to obtain a Connecticut state pistol permit.

24.      Towne is a member and supporter of Connecticut Citizens Defense League and the Second Amendment Foundation.

### *Plaintiff Connecticut Citizens Defense League, Inc.*

25.     Plaintiff, Connecticut Citizens Defense League, Inc. ("CCDL") is a non-profit educational foundation, incorporated under the laws of Connecticut, with its principal place of business in Seymour, Connecticut. Its mission is to preserve the effectiveness of the Second Amendment through legislative and grassroots advocacy, outreach, education, research, publication, legal action, and programs focused on the constitutional right to keep and bear arms. CCDL has over 41,000 members and supporters nationwide, with more than ninety-five percent of its members and supporters being residents of Connecticut. CCDL represents its members and supporters – which include individuals seeking to exercise their right to acquire, possess, and carry firearms for personal protection. CCDL brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public.

26.     CCDL has expended and diverted resources otherwise reserved for different institutional functions and purposes, and is adversely and directly harmed by the illegal and unconstitutional actions of the Defendants as alleged herein. CCDL has diverted, and continues to divert, significant time, money, effort, and resources to addressing the Defendants' unconstitutional enforcement of the laws complained of herein that would otherwise be used for educational outreach, public relations, and/or programmatic purposes.

27.     Among other diversions and threatened diversions, the Defendants' unconstitutional enforcement of the laws complained of herein has forced, or likely will force, CCDL to divert previously allocated funds, energies, and resources to the cause of this legal action. Rather than working on other educational, outreach, public relations, and/or

programmatic events and operations, CCDL's officers and Executive Board members have devoted, are continuing to devote, or are likely to devote, significant time, money, effort, and resources to addressing the Defendants' unconstitutional enforcement of the laws complained of herein. CCDL, its officers, and its Executive Board members will be forced to continue diverting such time, money, effort, and resources from CCDL's normal educational, outreach, public relations, and/or programmatic events and operations so long as the Defendants' unconstitutional enforcement of the laws complained of herein persists.

28.     As to CCDL's representative capacity claims, there are common questions of law that substantially affect the rights, duties and liabilities of many of CCDL's members as well as potentially numerous similarly situated residents whose constitutional rights have been, and are continuing to be, infringed by the Defendants' unconstitutional enforcement of the laws complained of herein. The interests CCDL seeks to protect are germane to its purpose.

29.     Each of the individual Plaintiffs to this action – as described in the preceding paragraphs, are all members and supporters of CCDL.

### Plaintiff Second Amendment Foundation, Inc.

30.     Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit educational foundation incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through educational and legal action programs. SAF has over 700,000 members and supporters nationwide, including many members in Connecticut.

31.     The purpose of SAF includes education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms under the Second

Amendment, and the consequences of gun control. The Court's interpretation of the Second Amendment directly impacts SAF's organizational interests, as well as SAF's members and supporters in Connecticut, who enjoy exercising their Second Amendment rights. SAF brings this action on behalf of itself, its members, supporters who possess all the indicia of membership, and similarly situated members of the public. Many of SAF's individual Connecticut members have been adversely and directly harmed and injured by Defendants' enforcement of the laws complained of herein.

32.    The interests SAF seeks to protect are germane to its purpose. Indeed, the Connecticut statutes challenged herein have denied, and will continue to deny responsible, law-abiding adults their fundamental, individual right to keep and bear arms enshrined under the Second and Fourteenth Amendments of the U.S. Constitution. Defendants' actions and failures alleged herein have caused SAF to dedicate resources that would otherwise be available for other purposes to protect the rights and property of its members, supporters, and the general public, including by and through this action. Each of the individual Plaintiffs to this action – as described in the preceding paragraphs – are members and supporters of SAF.

### Defendant Pamela Jo Bondi

33.    The Defendant, Pamela Jo Bondi, is the Attorney General of the United States, and she is sued in her official capacity only. In her role as Attorney General, Bondi oversees the U.S. Attorneys – responsible for prosecuting violations of federal firearms laws, the Federal Bureau of Investigation (FBI) – responsible for conducting background checks on firearms purchasers, and the federal Bureau of Alcohol, Tobacco, Firearms and Explosives

("ATF") – responsible for ensuring seller compliance with federal laws governing the sale of firearms.

34.    Bondi and her subordinates individually and collectively act to enforce the federal firearms laws complained of herein.

### Defendant Ronnell Higgins

35.    The Defendant, Ronnell Higgins ("Higgins"), is the Commissioner of Connecticut's Department of Emergency Services and Public Protection ("DESPP"), and he is sued in his official capacity. In his role as the Commissioner, Higgins oversees the Connecticut State Police, which is responsible for investigating and initiating prosecutions under Connecticut law. *See* Conn. Gen. Stat. § 29-7. Additionally, DESPP possesses significant regulatory and administrative authority over Connecticut's pistol permitting system. *See, e.g.*, Conn. Gen. Stat. § 29-28.

### Defendant Margaret E. Kelley

36.    The Defendant, Margaret E. Kelley ("Kelley"), is Connecticut's State's Attorney for the Ansonia/Milford Judicial District and is sued in her official capacity. As a Connecticut State's Attorney, she is required to "diligently inquire after and make appropriate presentment and complaint to the Superior Court of all crimes and other criminal matters within the jurisdiction of the court in which the court may proceed." Conn. Gen. Stat. § 51-286(a). Her responsibilities and authority include prosecuting individuals who violate the Connecticut laws complained of herein.

*Defendant Paul J. Narducci*

37.    The Defendant, Paul J. Narducci ("Narducci"), is Connecticut's State's Attorney for the New London Judicial District and is sued in his official capacity. As a Connecticut State's Attorney, he is required to "diligently inquire after and make appropriate presentment and complaint to the Superior Court of all crimes and other criminal matters within the jurisdiction of the court in which the court may proceed." Conn. Gen. Stat. § 51-286(a). His responsibilities and authority include prosecuting individuals who violate the Connecticut laws complained of herein.

*Defendant John Bucherati*

38.    The Defendant, John Bucherati ("Bucherati") is the police chief for the Town of Seymour and is sued in his official capacity. As the police chief of Seymour, Bucherati is responsible for approving or denying applications for Connecticut temporary state pistol permits in his town. Bucherati enforces the Connecticut laws that prohibit the granting of a temporary state pistol permit to anyone between the ages of 18 and 20.

39.    As part of the Seymour application package for a Connecticut temporary state pistol permit, Bucherati supplies a list of firearms prohibitors issued by the Connecticut state police to applicants to show who is eligible. It reads in relevant part: "No person may obtain a Pistol Permit, Eligibility Certificate, or possess any handguns if they are less than 21 years of age…." **Exhibit C – Seymour Pistol Permit Application Package, p. 6.**

*Defendant Patrick Daley*

40.    The Defendant, Patrick Daley ("Daley") is the police chief for the City of Norwich and is sued in his official capacity. As the police chief of Norwich, Daley is

responsible for approving or denying applications for Connecticut temporary state pistol permits in his town. Daley enforces the Connecticut laws that prohibit the granting of a temporary state pistol permit to anyone between the ages of 18 and 20.

## FACTUAL ALLEGATIONS

### *Federal Firearms Laws Impacting Adults Under The Age Of 21*

41.    18 U.S.C. § 922(b)(1) declares: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver-- (1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age…."

42.    If someone violates this provision, they "shall be fined under this title, imprisoned not more than five years, or both." 18 U.S.C. §924(a)(l (D).

43.    Guidance issued by Defendant Bondi's subordinates at the ATF prohibits any Federal Firearms Licensee ("FFL") from transferring a handgun to a person under the age of 21:

> Handguns: Under federal law, FFLs may not sell, deliver or otherwise transfer a handgun or handgun ammunition to any person the transferor knows or has reasonable cause to believe is under the age of 21.

**Exhibit A – Minimum Age for Gun Sales and Transfers.[1]**

---

[1] Retrieved from: https://www.atf.gov/resource-center/minimum-age-gun-sales-and-transfers

44.    On its face, that same guidance does not prevent someone who is not an FFL from transferring a handgun to someone under the age of 21:

> Handguns: Under federal law, unlicensed persons may not sell, deliver or otherwise transfer a handgun or handgun ammunition to any person the transferor knows or has reasonable cause to believe is under the age of 18, except under certain exceptions.

**Exhibit A – Minimum Age for Gun Sales and Transfers.**

45.    Additional guidance from the ATF confirms this information:

> An individual between 18 and 21 years of age may acquire a handgun from an unlicensed individual who resides in the same state, provided the person acquiring the handgun is not otherwise prohibited from receiving or possessing firearms under federal law. A federal firearms licensee may not, however, sell or deliver a firearm other than a shotgun or rifle to a person the licensee knows or has reasonable cause to believe is under 21 years of age.

> There may be state or local laws or regulations that govern this type of transaction. Contact the office of your State Attorney General for information on any such requirements.

**Exhibit B – ATF Q&A On Handgun Acquisition.**

46.    18 U.S.C. § 922(c) also prohibits licensed importers, licensed manufacturers, and licensed dealers from selling firearms "to a person who does not appear in person at the licensee's business premises… only if" the person swears under oath that they are twenty-one or older.

47.    27 C.F.R. § 478.99(b)(1) similarly declares, in relevant part:

> A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 18 years of age, and, if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age….

48.     Collectively, these statutes and regulations (hereinafter, "the federal handgun ban") categorically ban any adult under the age of twenty-one from purchasing a handgun and handgun ammunition from lawful retailers.

### Connecticut Firearms Laws Impacting Adults Under The Age Of 21

49.     Conn. Gen. Stat. § 29-35(a) prohibits any person from carrying a pistol or revolver – except when the person is within his house, on land leased or owned by him, or in his place of business – without a pistol permit.

50.     A violation of Conn. Gen. Stat. § 29-35(a) is a class D felony that carries a one-year mandatory minimum sentence of incarceration – absent a finding of mitigating circumstances – and the forfeiture of the firearm at issue. Conn. Gen. Stat. § 29-37(b).

51.     Conn. Gen. Stat. § 29-28(b) establishes a two-step system for the issuance of pistol permits.

> a. First, a person must apply to their town's chief of police, chief town executive official, or resident state trooper for a temporary state pistol permit.
>
> b. Once a person receives that temporary state pistol permit from their town, they must apply to Defendant Rovella for a state pistol permit within sixty days of receiving the temporary state pistol permit.

52.     Conn. Gen. Stat. § 29-28(b) also provides in relevant part: "No state or temporary state permit to carry a pistol or revolver shall be issued under this subsection if the applicant… (10) is less than twenty-one years of age."

53.     Likewise, Conn. Gen. Stat. § 29-36f establishes a pistol eligibility certificate that enables individuals to obtain the certificate to purchase pistols and revolvers and keep them for home defense. It, however, only offers that certificate to people aged twenty-one or older: "A person who is twenty-one years of age or older may apply to the Commissioner of Emergency Services and Public Protection for an eligibility certificate for a pistol or revolver." Conn. Gen. Stat. § 29-36f(a).

54.     Conn. Gen. Stat. § 29-33(b) prohibits any person from purchasing or receiving any pistol or revolver "unless such person holds a valid permit to carry a pistol or revolver issued pursuant to subsection (b) of section 29-28, a valid permit to sell firearms at retail issued pursuant to subsection (a) of section 29-28 or a valid eligibility certificate for a pistol or revolver issued pursuant to section 29-36f or is a federal marshal, parole officer or peace officer."

55.     A violation of Conn. Gen. Stat. § 29-33(b) is a class C felony that carries a two-year mandatory minimum sentence of incarceration and a $5,000 fine. Conn. Gen. Stat. § 29-33(j).

56.     Conn. Gen. Stat. § 29-34(b) categorically prohibits anyone under the age of 21 from obtaining a pistol or revolver except in one narrow circumstance:

> No person shall sell, barter, hire, lend, give, deliver or otherwise transfer to any person under the age of twenty-one years any pistol or revolver, except that a pistol or revolver may be temporarily transferred to any person only for the use by such person in target shooting or on a firing or shooting range, provided such use is otherwise permitted by law and is under the immediate supervision of a person eligible to possess a pistol or revolver.

57.    A violation of Conn. Gen. Stat. § 29-34(b) is a class C felony that carries a two-year mandatory minimum sentence of incarceration and a $5,000 fine. Conn. Gen. Stat. § 29-34(b).

58.    Collectively, these statutes (hereinafter, "the Connecticut handgun ban") categorically ban any adult under the age of twenty-one from lawfully obtaining a handgun and handgun ammunition, keeping them, or bearing them for all lawful purposes.

### *Adults Between The Ages Of 18 To 20 Enjoy The Full Privileges And Responsibilities Of Citizenship*

59.    Eighteen is the age of majority in 47 states, including Connecticut.

60.    At eighteen years old, all U.S. citizens such as the Plaintiffs have the right to:

a.    Vote;

b.    Fully exercise the freedoms of speech, assembly, and petitioning of the government under the First Amendment to the United States Constitution;

c.    Enjoy the full panoply of liberty protections and rights guaranteed by the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Amendments;

d.    Enjoy the unenumerated rights and liberties guaranteed by the Fourteenth Amendment;

e.    Enter into contracts;

f.    Fully exercise the right to keep and bear arms under the Second Amendment; and

g.    Serve in the United States military as well as the militias and guards of the several states.

14

61.    They are also held responsible as adults for any crimes that they commit.

62.    All able-bodied males between 17 and 45 years of age are considered members of the "militia of the United States." 10 U.S.C. § 246.

63.    All male citizens between 18 and 26 years of age are required to register with the Selective Service system for military service if a draft becomes necessary. 50 U.S.C. § 3802(a).

64.    Many states have parallel militia and military laws. As such, the individual Plaintiffs and their members and supporters who fall within the age range specified are both eligible and responsible to serve their state in the militia if called upon.

65.    Connecticut's militia statute provides:

> All male citizens and all male residents of the state who have declared their intention to become citizens of the United States, between the ages of eighteen and forty-five years, not exempt by law, shall be subject to military duty and designated as the militia. All female citizens and all female residents of the state who have declared their intention to become citizens of the United States, between the ages of eighteen and forty-five years, may enlist voluntarily in any women's unit of the armed forces of the state.

Conn. Gen. Stat. § 27-1.

66.    Thus, these adults must be armed and ready to respond when called into the service.

67.    Other states have similar statutes. For example, Louisiana includes all "able-bodied persons between the ages of seventeen and sixty-four residing in this state and who are not exempt by the laws of the United States of America or of this state… [in] the militia of Louisiana…" and subjects them to "military duty." LA.R.S. § 29:3(A).

68.    As another example, California makes "all able-bodied male citizens… between the ages of eighteen and forty-five…" part of its militia. Cal. Mil. and Vet. Code §§ 121, 122.

## COUNT ONE – VIOLATION OF THE SECOND AMENDMENT AGAINST PAMELA BONDI ONLY

69.    Paragraphs 1 through 68 are hereby incorporated herein.

70.    The Second Amendment guarantees an individual right to keep and bear arms.

71.    This is especially true when it comes to handguns, which the Supreme Court explicitly recognized as "the quintessential self-defense weapon." *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008).

72.    The federal handgun ban and Defendant Bondi's enforcement of it impermissibly infringes upon the right of all law-abiding individuals aged 18 to 20 to keep and bear arms by making it virtually impossible for them to acquire handguns and handgun ammunition lawfully.

73.    American history and tradition confirm that all law-abiding adults, including those under the age of twenty-one, were understood to enjoy full Second Amendment rights in the Founding Era.

74.    Over 200 colonial and Founding-era militia statutes throughout the seventeenth and eighteenth centuries mandated that persons aged eighteen to twenty acquire and keep arms to perform their duty to serve in the militia and otherwise protect their communities. *See generally* David Kopel & Joseph Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495 (2019) (providing over 200 militia statutes).

75.    No colonial or Founding Era law restricted the right of law-abiding adults under the age of twenty-one to acquire or possess arms.

16

76.    There is and never has been any constitutionally grounded basis for restricting the Second Amendment rights of law-abiding adults between the ages of eighteen and twenty-one.

77.    Thus, the statutory and regulatory provisions that comprise the federal handgun ban are unconstitutional on their face and as-applied to the law-abiding Plaintiffs in this case.

## COUNT TWO – VIOLATION OF THE FIFTH AMENDMENT'S EQUAL PROTECTION GUARANTEE AGAINST PAMELA BONDI ONLY

78.    Paragraphs 1 through 68 are hereby incorporated herein.

79.    The Fifth Amendment guarantees all individuals in the United States the equal protection of the laws, including the Bill of Rights.

80.    The statutory and regulatory provisions that comprise the federal handgun violate the law-abiding Plaintiffs' equal protection rights by prohibiting them from acquiring handguns and handgun ammunition because they are under the age of twenty-one, but do not ban individuals over the age of twenty-one from acquiring handguns and handgun ammunition.

## COUNT THREE – 42 U.S.C. § 1983 CLAIM FOR VIOLATION OF THE SECOND AMENDMENT AGAINST ALL DEFENDANTS EXCEPT PAMELA BONDI

81.    Paragraphs 1 through 68 are hereby incorporated herein.

82.    The Second Amendment guarantees an individual right to keep and bear arms.

83.    This is especially true when it comes to handguns, which the Supreme Court explicitly recognized as "the quintessential self-defense weapon." *District of Columbia v. Heller*, 554 U.S. 570, 629 (2008).

84.     The Connecticut handgun ban and the Defendants' enforcement of it impermissibly infringes upon the right of all law-abiding individuals aged 18 to 20 to keep and bear arms by making it virtually impossible for them to acquire handguns and handgun ammunition lawfully.

85.     American history and tradition confirm that all law-abiding adults, including those under the age of twenty-one, were understood to enjoy full Second Amendment rights in the Founding Era.

86.     Over 200 colonial and Founding-era militia statutes throughout the seventeenth and eighteenth centuries mandated that persons aged eighteen to twenty acquire and keep arms to perform their duty to serve in the militia and otherwise protect their communities. *See generally* David Kopel & Joseph Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495 (2019) (providing over 200 militia statutes).

87.     No colonial or Founding Era law restricted the right of law-abiding adults under the age of twenty-one to acquire or possess arms.

88.     There is and never has been any constitutionally grounded basis for restricting the Second Amendment rights of law-abiding adults between the ages of eighteen and twenty-one.

89.     Thus, the statutory and regulatory provisions that comprise the Connecticut handgun ban are unconstitutional on their face and as-applied to the law-abiding Plaintiffs in this case.

**COUNT FOUR – 42 U.S.C. § 1983 CLAIM FOR VIOLATION OF THE
FOURTEENTH AMENDMENT'S EQUAL PROTECTION CLAUSE AGAINST
ALL DEFENDANTS EXCEPT PAMELA BONDI**

90.     Paragraphs 1 through 68 are hereby incorporated herein.

91.     The Fifth Amendment guarantees all individuals in the United States the equal protection of the laws, including the Bill of Rights.

92.     The statutory and regulatory provisions that comprise the Connecticut handgun violate the law-abiding Plaintiffs' equal protection rights by prohibiting them from acquiring handguns and handgun ammunition because they are under the age of twenty-one, but do not ban individuals over the age of twenty-one from acquiring handguns and handgun ammunition.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiffs respectfully request the following relief:

A)  A declaratory judgment that the provisions of 18 U.S.C. § 922(b)(1), 18 U.S.C. §924(a)(l (D), 18 U.S.C. § 922(c), 27 C.F.R. § 478.99(b)(1) that operate to prohibit individuals between 18 years of age and 20 years of age from acquiring handguns and handgun ammunition are unconstitutional on their face;

B)  In the alternative, a declaratory judgment that the provisions of 18 U.S.C. § 922(b)(1), 18 U.S.C. §924(a)(l (D), 18 U.S.C. § 922(c), 27 C.F.R. § 478.99(b)(1) that operate to prohibit individuals between 18 years of age and 20 years of age from acquiring handguns and handgun ammunition are unconstitutional as applied to the Plaintiffs;

C) A declaratory judgment that the provisions of Conn. Gen. Stat. § 29-28(b) Conn. Gen. Stat. § 29-34(b), Conn. Gen. Stat. § 29-34(b), and Conn. Gen. Stat. § 29-36f that operate to prohibit individuals between 18 years of age and 20 years of age from acquiring handguns and handgun ammunition are unconstitutional on their face;

D) In the alternative, a declaratory judgment that the provisions of Conn. Gen. Stat. § 29-28(b) Conn. Gen. Stat. § 29-34(b), Conn. Gen. Stat. § 29-34(b), and Conn. Gen. Stat. § 29-36f that operate to prohibit individuals between 18 years of age and 20 years of age from acquiring handguns and handgun ammunition are unconstitutional as applied to the Plaintiffs;

E) A permanent injunction enjoining Defendant Bondi, her agents, and her subordinates from enforcing the provisions of 18 U.S.C. § 922(b)(1), 18 U.S.C. §924(a)(l (D), 18 U.S.C. § 922(c), 27 C.F.R. § 478.99(b)(1) that operate to prohibit individuals between 18 years of age and 20 years of age from acquiring handguns and handgun ammunition;

F) A permanent injunction enjoining all of the Defendants (except Defendant Bondi), their agents, and their subordinates from enforcing the provisions of Conn. Gen. Stat. § 29-28(b), Conn. Gen. Stat. § 29-34(b), Conn. Gen. Stat. § 29-34(b), and Conn. Gen. Stat. § 29-36f that operate to prohibit individuals between 18 years of age and 20 years of age from acquiring handguns and handgun ammunition;

G) Attorneys' fees;

H) Costs;

I)   Any such further relief that the Court deems just and equitable.


Dated: February 18, 2025                    Respectfully submitted,

    *//s//   Doug Dubitsky*
Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.933.9495
Facsimile: 866.477.1120
Email: doug@lawyer.com


    *//s//   Craig C. Fishbein*
Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
Facsimile: 203.294.1396
E-mail: ccf@fishbeinlaw.com

    *//s//   Cameron L. Atkinson*
Cameron L. Atkinson, Esq.
(ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Email: catkinson@atkinsonlawfirm.com

*Attorneys for the Plaintiffs*