# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ZACHARY SUCCOW, SAMUEL TOWNE; CONNECTICUT CITIZENS DEFENSE LEAGUE, INC.; AND SECOND AMENDMENT FOUNDATION, INC., | |
| Plaintiffs, | CIV. NO. 3:25-cv-250 |
| v. | |
| PAMELA JO BONDI, in her official capacity; RONNELL HIGGINS, in his official capacity; MARGARET A. KELLEY, in her official capacity; PAUL J. NARDUCCI, in his official capacity; JOHN BUCHERATI, in his official capacity; PATRICK DALEY, in his official capacity; | February 18, 2025 |
| | **CERTIFICATION OF COUNSEL PURSUANT TO FED. R. CIV. P. 65** |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 65(b)(1), the undersigned – as counsel for the Plaintiffs – hereby certify that specific facts in various affidavits attached to the Plaintiffs' Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction show that immediate and irreparable injury will occur to the Plaintiffs if relief is not granted, what notice has been given to the Defendants, and why further notice should not be required.

## I.    Specific Facts Showing Immediate and Irreparable Injury, Loss, or Damage.

To show irreparable harm, the Plaintiffs must show that, absent injunctive relief, they will "suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp*, 559 F.3d 110, 118 (2d Cir. 2009). "Whether there is an

adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Id.* at 118-19. Courts, however, will presume that a movant has established irreparable harm when the movant's claim involves the alleged deprivation of a constitutional right. *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015).

The loss of the personal liberty guaranteed by a fundamental constitutional right, even for minimal periods of time, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). That rule includes the loss of Second Amendment freedoms. The Supreme Court has equated the Second Amendment's protection to the First Amendment's protections repeatedly. *See New York State Rifle and Pistol Association v. Bruen*, 142 S.Ct. 2111, 2130, 2132, 2156 (2022).

Here, the Plaintiffs show, through both their sworn declarations and judicially noticeable facts, that the Defendants' enforcement of federal and state prohibitions against them lawfully acquiring, keeping, and bearing handguns for self-defense is depriving them of their Second Amendment rights. The Court can take judicial notice that 18 U.S.C. § 922(b)(1), 18 U.S.C. 922(c), 18 U.S.C. §924(a)(1)(D), and 27 C.F.R. § 478.99(b)(1) (collectively, the "federal handgun ban") and Conn. Gen. Stat. § 29-28(b) Conn. Gen. Stat. § 29-34(b), Conn. Gen. Stat. § 29-34(b), and Conn. Gen. Stat. § 29-36f (collectively, the "Connecticut handgun ban") prohibit 18-20-year-olds from acquiring Connecticut pistol permits and purchasing, keeping, and carrying handguns for the purpose of self-defense. The Court can also take judicial notice from these same laws that violating them is a felony crime punishable by a

substantial period of incarceration. The Plaintiffs show through their declarations that they are each 19 years old and affected by these laws. **Exhibit C to MOL – Declaration of Zachary Succow, ¶ 2; Exhibit D to MOL – Declaration of Samuel Towne, ¶ 2**. The Plaintiffs also show through their declarations that they do not have the ability to legally carry any other type of firearm (rifles or shotguns) in public for self-defense because they have no practical way to conceal them in a way that would preserve their utility for self-defense. **Exhibit C, ¶ 12; Exhibit D, ¶ 14**. They further show that Conn. Gen. Stat. § 29-35(a)(2) prohibits them from knowingly carrying a firearm in public with the intent to display it, further depriving them of their rights to carry firearms for self-defense. **Exhibit C, ¶ 11; Exhibit D, ¶ 13.**

Every day that passes where the Plaintiffs cannot exercise their Second Amendment rights to acquire, possess, and carry handguns for self-defense is a day lost to them forever. No amount of money could remedy the days on which they lost those rights, and such a remedy is unlikely to be available to them. In short, there is no remedy, save emergency injunctive relief, that can stop the ongoing injury being inflicted on them by the Defendants. Thus, emergency injunctive relief is appropriate and necessary in this case.

## II.  Efforts Made to Give Notice

The undersigned made the following efforts to provide notice to the Defendants:

On February 6, 2025, Attorney Atkinson sent an email to three attorneys from the Office of the Connecticut Attorney General (counsel for Defendants Higgins, Kelley, and Narducci) alerting them that he and his colleagues anticipated filing this case imminently and alerting them to the prospect that they would be seeking emergency, *ex parte* relief. Deputy Associate Attorney General Terrence O'Neill replied by email on February 7, 2025 thanking

the undersigned for their email and asking the undersigned to inform the Court of his office's position, which the undersigned has faithfully done in the motion itself. While several unforeseen changes, including in the Plaintiffs for this case, occurred, the notice is sufficiently close in time. Shortly after the filing of this motion, the undersigned will email ECF stamped copies of the filings to Attorney O'Neill and his colleagues.

On February 14, 2025, Attorney Atkinson sent an email to Attorney Richard Buturla (counsel for Defendant Bucherati) alerting them that he and his colleagues anticipated filing this case imminently and alerting them to the prospect that they would be seeking emergency relief. Attorney Buturla acknowledged the email as being appropriately directed that same day. Shortly after the filing of this motion, the undersigned will email ECF stamped copies of the filings to Attorney Buturla and his colleagues.

On February 7, 2025, to notify Defendant Bondi, Attorney Atkinson sent an email to Attorney Jason Lynch – a Washington, D.C. trial attorney with the U.S. Department of Justice – alerting him to this case and the request for emergency relief that was forthcoming. Attorney Lynch responded that same day thanking Attorney Atkinson for the heads-up and directing him to contact the U.S. Attorney's Office for the District of Connecticut. Attorney Atkinson subsequently made at least 2 phone calls to the U.S. Attorney's Office for the District of Connecticut to speak with the Civil Division. He was unable to make contact – a pattern that has been consistent across his emergency filings involving the federal government in the District of Connecticut. To ensure notice, the undersigned will mail ECF-stamped copies of the motion filing to the U.S. Attorney's Office for the District of Connecticut by overnight mail on February 18, 2025.

Lastly, on February 15, 2025, Attorney Atkinson attempted to notify the City of Norwich Corporation Counsel Michael Driscoll (counsel for Defendant Daley) through his publicly listed email address on the City of Norwich website. Attorney Atkinson received no response, including from an auto-mailer. Attorney Atkinson discovered on February 18, 2025 that the publicly listed email address for Attorney Driscoll had not been updated since Attorney Driscoll switched law firms. The undersigned is reasonably confident based on appearances filed by Attorney Driscoll in Connecticut state litigation that he has Attorney Driscoll's correct email, and he will email ECF-stamped copies of the motion filing to him shortly after its filing.

## CONCLUSION

For the foregoing reasons, the undersigned certify that emergency injunctive relief is appropriate and necessary in this matter.

Dated: February 18, 2025     Respectfully submitted,

         *//s// Doug Dubitsky*
        Doug Dubitsky, Esq.
        (ct21558)
        LAW OFFICES OF DOUG DUBITSKY
        P.O. Box 70
        North Windham, CT 06256
        Telephone: 860.933.9495
        Facsimile: 866.477.1120
        Email: doug@lawyer.com


         *//s// Craig C. Fishbein*
        Craig C. Fishbein, Esq.
        (ct25142)
        FISHBEIN LAW FIRM, LLC
        100 South Main Street
        P.O. Box 363
        Wallingford, Connecticut 06492
        Telephone: 203.265.2895
        Facsimile: 203.294.1396
        E-mail: ccf@fishbeinlaw.com

         *//s// Cameron L. Atkinson*
        Cameron L. Atkinson, Esq.
        (ct31219)
        ATKINSON LAW, LLC
        122 Litchfield Rd., Ste. 2
        P.O. Box 340
        Harwinton, CT 06791
        Telephone: 203.677.0782
        Facsimile: 203.672.6551
        Email: catkinson@atkinsonlawfirm.com

        *Attorneys for the Plaintiff*

## CERTIFICATION REGARDING SERVICE

The undersigned has attempted to identify counsel for each of the Defendants. He has been partially successful.

The following counsel – identified by the Defendants they represent – have been forewarned of this filing and will be served ECF-stamped copies of this pleading by email immediately following its filing:

*For Defendants Ronnell Higgins, Margaret A. Kelley, and Paul J. Narducci*

James Belforti, Esq.
Terrence O'Neill, Esq.
Janelle Medeiros, Esq.
Connecticut Attorney General's Office
110 Sherman Street,
Hartford, CT 06105
860-808-5450
james.belforti@ct.gov
terrence.oneill@ct.gov
janelle.medeiros@ct.gov

*For Defendant John Bucherati:*

Richard J. Buturla, Esq.
Berchem Moses, PC
75 Broad Street
Milford, CT 06460
203-783-1200
rburturla@berchemmoses.com

*For Defendant Patrick Daley:*

Michael Driscoll, Esq.
Colonese Law, LLC
55 Main Street, Ste. 340
Norwich, CT 06360
860-892-7208
MED@coloneselaw.com

The undersigned spoke with Jason Lynch, a trial attorney from the U.S. Department of Justice, approximately a week before this case was filed and received instructions to contact the U.S. Attorney's Office for the District of Connecticut with notice of this filing. The undersigned has been unable to get in touch with their civil office, and, to notify Defendant Bondi, he will mail an ECF-stamped copy of this pleading to the U.S. Attorney's Office for the District of Connecticut by overnight mail on February 19, 2025 since the Post Office is closed at the time of filing.

/s/ Cameron L. Atkinson /s/