## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZACHARY SUCCOW, ET AL | : | No. 3:25-cv-00250-SVN |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| PAMELA J. BONDI, ET AL | : | |
| *Defendants* | : | MARCH 28, 2025 |

### Parties' Proposed Scheduling Orders

Pursuant to the Court's Order dated March 14, 2025 (ECF No. 34), the parties met and conferred regarding a proposed briefing and discovery schedule for Plaintiff's pending motion for a preliminary injunction (ECF No. 4) but were unable to reach consensus. Since the parties are unable to reach a joint proposed schedule, Defendants and Plaintiffs submit separate proposals, with opposing responses, below.

### I.    Defendants' Proposed Briefing and Discovery Schedule

Defendants believe it makes sense to litigate this case once at the district court level and therefore proposed an accelerated schedule to go to a permanent injunction. Plaintiffs have rejected this permanent injunction case management schedule. Defendants provide the Court with their position on a case management schedule for (A) a combined preliminary injunction and a permanent injunction; and (B) a preliminary injunction, only.

The defendants are largely in alignment on this proposed schedule except for one issue: The federal defendant requests that her responsive pleading deadline be set in accordance with FRCP 12(a)(2); specifically, the federal defendant should have 60 days from the date of service on the United States Attorney's Office to file a

1

responsive pleading.  If the responsive pleading is a motion directed to the pleadings, the federal defendant requests that the briefing schedule be set in accordance with the local civil rules (21 days for an opposition, 14 days to reply).

The federal defendant otherwise endorses the suggested approach of the co-defendants.

### A.    Defendants' Proposed Combined Preliminary and Permanent Injunction Case Management Schedule

Defendants propose the following schedule for briefing, discovery, and hearing on a combined preliminary and permanent injunction:

- Plaintiffs file proof of service by 4/4/25

- Written discovery to commence by 5/5/25

- Expert disclosures and reports served by 6/15/25

- Written discovery closes 7/3/25

- Discovery closes by 8/8/25

- Defendants file briefs in opposition to the motion for preliminary injunction, along with supporting declarations, by 9/12/25

- Plaintiffs file reply brief to defendants' opposition by 10/26/25

- Three-day Evidentiary Hearing, followed by oral argument, on or after 11/15/25.

### B.    Defendants' Alternative Proposed Preliminary Injunction Case Management Schedule

If the Court elects to not hear the preliminary and permanent injunctions on the schedule Defendants propose above, Defendants request up to three days for an

evidentiary hearing, followed by oral argument on Plaintiffs' motion for preliminary injunction and any Rule 12 motions. Without waiving the right to pursue discovery in its normal course following the Court's decision on a preliminary injunction, Defendants propose the following schedule for briefing, discovery, and hearing on a preliminary injunction:

- Plaintiffs file proof of service by 4/4/25

- Written discovery served by 4/11/25

- State and Local Defendants file Rule 12 motions by 5/2/25

- All Expert Disclosures including reports by 5/2/25

- Responses to written discovery served by 5/9/25

- Depositions of all witnesses including plaintiffs by 5/16/25

- Plaintiffs file opposition brief to any Rule 12 motion by 5/30/25

- Defendants file reply briefs re Plaintiff's opposition to Rule 12 motion by 6/13/25

- Defendants file briefs in opposition to the motion for preliminary injunction, along with supporting declarations, by 6/20/25

- Plaintiffs file reply brief to defendants' opposition by 7/7/25

- Evidentiary Hearing, followed by oral argument, beginning on or after 7/21/25

## II.    Plaintiffs' Response to Defendants' Proposal and Counter Proposal

The Plaintiffs object to the defendants' scheduling proposals because they delay possible relief in this case for far too long, given the constitutional right at

stake. The Plaintiffs propose a different schedule that still enables an orderly process, but one that will give the plaintiffs a chance at obtaining preliminary relief in the manner contemplated by the Federal Rules of Civil Procedure.

### A. Plaintiffs' objections to Defendants' proposals

The Plaintiffs allege the violation of a constitutional right. They have provided substantial briefing showing that the Second Amendment's plain text includes them in the definition of the term "people" and presumptively protects their desired conduct – obtaining, keeping, and bearing handguns for self-defense and all other lawful purposes. *See generally* Dkt. 4-1. Under controlling law, the burden now shifts to the Defendants to show that the laws challenged in this case are "consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111, 2130 (2022). That inquiry requires them to show "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified…." *Id.* at 2133.

While the Court concluded that emergency relief through a TRO was not warranted in this case because the Plaintiffs delayed in seeking relief, Dkt. 34, pp. 8-9, the Court's conclusion only addressed the emergency relief sought by the TRO. In setting a preliminary injunction schedule, the Court should conclude that the Plaintiffs have now asserted their rights despite the delay it found, identified an ongoing violation of their constitutional right to obtain, keep, and bear arms, and lack a monetary remedy if the majority of the period that they seek to exercise those rights

4

in is frittered away in the lengthy schedules that the Defendants propose and the Court ultimately decides in their favor. That would not do justice under any sense of the term.

The Plaintiffs appreciate the Defendants' need to make their case, but the Defendants have not proffered what part of their case requires lengthy discovery, testimony, and an evidentiary hearing before they can mount a defense to the preliminary injunction motion. At most, the undersigned's recollection is that they intend to raise standing and ripeness. When the undersigned asked what components of those arguments would need discovery or testimony, the Defendants did not provide a sketch of how that would look, apart from indicating that there may be an issue with the organizational Plaintiffs' standing. Under the normal course of business though, the Defendants would be entitled to raise issues of subject matter jurisdiction such as standing at any time, concurrent with any other proceedings such as discovery. The Court should not set a lengthy preliminary injunction and discovery schedule without some sort of strong proffer from the Defendants that they have strong standing and ripeness arguments.

As to the Defendants' substantive arguments, they have not explained why discovery, a lengthy preliminary injunction schedule, and an evidentiary hearing are necessary. The Plaintiffs have not offered experts and have no intention of doing so with respect to the preliminary injunction motion. What remains is a historical inquiry that examines statutes and other laws from our nation's history and

tradition. Depositions, interrogatories, and requests for production will do nothing to facilitate or aid that historical inquiry in any way.

Lastly, regardless of what schedule the Court sets, the Plaintiffs object specifically to the requirement that they docket proof of service by April 4, 2025 as contemplated by both of the Defendants' schedules. The Plaintiffs would ask the Court to give them until April 11, 2025 to docket proof of service to navigate the complexities that inevitably arise with process servers.

### B. Plaintiffs' Proposed Preliminary Injunction Schedule

- Defendants file briefs in opposition to the motion for preliminary injunction, along with supporting declarations, by May 9, 2025.

- Defendants file Rule 12 motions by May 2, 2025.

- Plaintiffs file response to Defendants' Rule 12 motions by May 16, 2025.

- Plaintiffs file reply brief to Defendants' preliminary injunction opposition by May 23, 2025.

- Defendants file reply brief to Plaintiffs' opposition to Defendants' Rule 12 motions by May 30, 2025.

## III.  Defendants' Response to Plaintiffs' Counsel Proposal

There are several practical matters that make Plaintiffs' proposed schedule inappropriately constrained and possibly unworkable.

First, a hearing is necessary for cases like this one, which involve contested issues of fact and law. "On a motion for preliminary injunction, where 'essential facts are in dispute, there must be a hearing . . . and appropriate findings of fact must be

made.'" *H2O v. Town Bd. of E. Hampton*, 147 F. Supp. 3d 80, 96 (E.D.N.Y. 2015) (quoting *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 37 (2d Cir. 1988)). Plaintiffs' proposed schedule does not even contemplate a hearing and is inappropriate on that basis, alone. In contrast, Defendants' proposed briefing and discovery schedule is designed precisely with that hearing in mind.

Second, Defendants need time to prepare an adequate defense in advance of that hearing. Defendants will need to identify, retain, and prepare experts to address the merits of Plaintiffs' claims, which is a difficult and lengthy process. Experts, particularly those familiar with issues relevant to the *Bruen* analysis, are often academics who have limited time—especially during the end of the academic year in April and May—to serve as experts in a lawsuit. Additionally, Defendants will need to identify and prepare declarations from other non-expert witnesses to address the equities and public interest underlying the challenged statutes.

Third, Defendants should have an opportunity to test Plaintiffs' standing to challenge these statutes and enjoin these Defendants. That will require motion practice, along with limited written discovery and the opportunity to depose Plaintiffs in advance of the hearing. This type of discovery is standard in any case and Defendants are willing to engage in expedited discovery here, but doing so should not unnecessarily burden Defendants' efforts in developing a fulsome evidentiary record for the Court to consider on the merits.

Finally, Plaintiffs' response at § II, *supra*, is based on legal arguments and the same claims of urgency that formed the basis of their application for a temporary

injunction. Defendants will not address those arguments in any substance at this time except to point out that this proposed scheduling order should not be taken as a chance for a second bite at the apple. Additionally, with respect to the purported urgency of the plaintiffs' efforts to secure a preliminary injunction, the federal defendant reiterates that the individual plaintiffs in this case are members of a class in *Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, Case No. 22-cv-410 (E.D. Va.), where the district court has granted them (through their class membership) the federal relief that they seek in this case. While the district court stayed the injunction pending appeal, that appeal has been argued and is awaiting ruling from the Fourth Circuit.

Defendants' proposed schedule will not unduly prejudice Plaintiffs' interests in moving for a preliminary injunction. Rather, it is designed so that the factual and legal issues can be sharpened and fairly presented at a hearing.

> For the Defendants,
>
> RONNELL HIGGINS, MARGARET A.
> KELLEY AND PAUL J. NARDUCCI
>
> BY:    */s/ Blake T. Sullivan*
> Blake T. Sullivan (ct30289)
> Timothy J. Holzman
> James M. Belforti
> Assistant Attorney General
> Office of the Attorney General
> Special Litigation Section
> 165 Capitol Avenue, 5th Floor
> Tel.: (860) 808-5020
> Fax: (860) 808-5347
> Blake.Sullivan@ct.gov
> Timothy.Holzman@ct.gov
> James.Belforti@ct.gov

PAMELA JO BONDI

Marc H. Silverman
Acting United States Attorney

_____/s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov

JOHN BUCHERATI

BY:    /s/ Richard J. Buturla_____
Richard J. Buturla (ct05967)
Berchem Moses PC
75 Broad Street
Milford, CT 06460
Tel: 203-783-1200
rbuturla@berchemmoses.com

PATRICK DALEY

BY:        /s/ Michael E. Driscoll
Michael E. Driscoll (ct05364)
Colonese Law LLC
55 Main Street, Ste 340
Norwich CT 06360
Tel.: (860)-892-7208
Fax: (860) 892-7272
med@coloneselaw.com

For the Plaintiffs,

_//s//   Doug Dubitsky_

Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.808.8601
Facsimile: 866.477.1120
Email: doug@lawyer.com


_//s//  Craig C. Fishbein_

Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
Facsimile: 203.294.1396
E-mail: ccf@fishbeinlaw.com

_//s//  Cameron L. Atkinson_

Cameron L. Atkinson, Esq.
(ct31219)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Facsimile: 203.672.6551
Email: catkinson@atkinsonlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ *Blake T. Sullivan*
Blake T. Sullivan
Assistant Attorney General