UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZACHARY SUCCOW, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PAMELA JO BONDI, *et al.*, <br><br> *Defendants*. | No. 3:25-cv-250 (SVN) |

**SCHEDULING ORDER**

The Court has reviewed the parties' proposed scheduling orders, *see* ECF No. 35, the State Defendants' supplemental proposed scheduling order, ECF No. 45, and Plaintiffs' revised scheduling proposal, ECF No. 47. It also has evaluated the permissibility of consolidating the preliminary injunction hearing with the trial on the merits. For the reasons stated below, the Court will consolidate the preliminary and permanent injunction proceedings and sets the schedule as follows.

    I.    **CONSOLIDATION UNDER FED. R. CIV. P. 65(a)(2)**

        A.  Legal Standard

Federal Rule of Civil Procedure 65(a)(2) governs "consolidating the [preliminary injunction] hearing with the trial on the merits," and states in relevant part, "[b]efore or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Any such decision is left to the discretion of the Court. *See Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 420 Fed. Appx. 97, 100 (2d Cir. 2011); *Update Art, Inc. v. Charnin*, 110 F.R.D. 26, 36 (S.D.N.Y. 1986).

If a case involves a constitutional issue with a potentially wide impact and the merits of the preliminary injunction largely mirror those related to the permanent injunction, consolidation may

be appropriate, provided the action can be tried expeditiously. *See Brass v. Hoberman*, 295 F. Supp. 358, 364–65 (S.D.N.Y. 1968). Additionally, judicial efficiency may favor consolidation where it appears the evidence for both a preliminary and permanent injunction substantially overlaps. *See Citibank, N.A. v. Brigade Cap. Mgmt., LP*, 49 F.4th 42, 57 n.9 (2d Cir. 2022) (noting "separate proceedings on the preliminary injunction motion can consume vast amounts of time and money with very little benefit," and suggesting that a consolidation procedure "can vastly improve the efficiency and value of the judicial process"); *Cent. Rabbinical Cong. of U.S. & Canada v. New York City Dep't of Health & Mental Hygiene*, 763 F.3d 183, 198 (2d Cir. 2014) ("The district court may also consider the advisability, in the interests of judicial economy, of consolidating this hearing with the trial on the merits, pursuant to Rule 65(a)(2)").

Before the Court merges proceedings for preliminary and permanent injunctions, however, it must first provide "clear and unambiguous notice" of its intent to do so "at a time which will still afford the parties a full opportunity to present their respective cases." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (internal citations and quotation marks omitted); *see also Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 646 (2d Cir. 1998).

    B.  <u>Discussion</u>

This case involves the constitutionality of age-based restrictions on handgun ownership under the Second Amendment. Plaintiffs seek, *inter alia*, both a preliminary injunction and a permanent injunction that enjoin Defendants from enforcing the relevant state and federal laws that prohibit 18- to 20-year-olds from acquiring, possessing, or carrying a handgun or handgun ammunition. *See* Compl., ECF No. 1 at 20; Emergency Mot. for a TRO and Prelim. Inj., ECF No. 4 at 2.

The merits arguments for each of these injunctions are substantially similar. Judicial efficiency, therefore, favors considering and resolving this issue on the merits once, through consolidated proceedings. Further, any judicial ruling related to the enforcement of these laws has significant implications for state and federal law, for the parties to this lawsuit, and for the state and country more broadly. A robust record will assist the Court in addressing the important issues raised.

Therefore, given the broad impact of any decision on the constitutional issue central to this case and the significant overlap between the relief sought in Plaintiffs' motion for a preliminary injunction and the relief sought in Plaintiffs' complaint via a permanent injunction, the Court finds that it is appropriate to consolidate the preliminary injunction proceeding with the trial on the merits. The Court hereby gives notice that it intends to proceed in this manner.

## II.    SCHEDULING ORDER

The parties have not agreed on a scheduling order. The Court has crafted the below scheduling order after consideration of the parties' proposals, while noting that Plaintiffs' proposal did not account for any period of discovery. *See* ECF Nos. 35, 45, 47.

**Pleadings and Joinder.** In a conference with the Court on February 25, 2025, Plaintiffs expressed that they likely will not pursue their equal protection claims set forth in Counts Two and Four of their complaint. *See* ECF No. 1. So that Defendants may respond to the operative version of the complaint, the Court orders Plaintiffs to file the amended complaint by **May 19, 2025**. If Plaintiffs have decided not to amend their complaint, they must file a notice indicating as much by **May 19, 2025**.

**Response to Operative Complaint.** All Defendants shall answer or otherwise respond to Plaintiffs' complaint by **June 13, 2025**, as the Court finds maintaining the same timeline for all

3

Defendants will support judicial economy. If any Defendant moves to dismiss the operative complaint in lieu of answering it, the briefing schedule for the motion to dismiss shall proceed as set forth in the Local Rules, with Plaintiffs' response to the motion to dismiss due 21 days after the motion to dismiss is filed and Defendant's reply due 14 days thereafter.

**Discovery.** Discovery shall commence immediately. Should Defendants require discovery relevant to any anticipated motion to dismiss, they must conduct such discovery prior to **June 13, 2025.** The Court will entertain motions for expedited discovery, such as expedited responses to written discovery requests, relevant to issues anticipated to be included in any motion to dismiss.

Parties may serve expert disclosures and reports by **July 18, 2025.**

Written discovery shall close on **August 4, 2025.**

All discovery, including fact and expert witness depositions, shall be completed by **September 12, 2025**.

**Briefing Related to Injunctive Relief Requests**. Defendants shall file briefs in opposition to Plaintiffs' requests for injunctive relief, along with supporting materials, by **October 10, 2025.** Plaintiffs may reply to Defendants' oppositions by **October 31, 2025.** The parties shall indicate in their briefing statements: (1) whether an evidentiary hearing is requested; and (2) the length of any anticipated evidentiary hearing.

**Hearing.** The Court will schedule a hearing, to include an evidentiary hearing, if necessary, regarding Plaintiffs' requests for injunctive relief in late November or early December 2025.

**Joint Status Reports of the Parties.** The parties shall file a joint status report confirming that discovery has been completed on **September 19, 2025**.

Counsel shall provide each named party to this action with a copy of this Order.

                                              IT IS SO ORDERED.

                                              */s/ Sarala V. Nagala*
                                              Sarala V. Nagala, U.S.D.J.

Dated:        Hartford, Connecticut
                  **May 6, 2025**