UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ZACHARY SUCCOW, SAMUEL TOWNE; CONNECTICUT CITIZENS DEFENSE LEAGUE, INC.; AND SECOND AMENDMENT FOUNDATION, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>PAMELA JO BONDI, in her official capacity; RONNELL HIGGINS, in his official capacity; MARGARET A. KELLEY, in her official capacity; PAUL J. NARDUCCI, in his official capacity; JOHN BUCHERATI, in his official capacity; PATRICK DALEY, in his official capacity;<br><br>    Defendants. | CIV. NO. 3:25-cv-250-SVN<br><br><br>July 7, 2025<br><br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BONDI'S MOTION TO DISMISS** |

    The Plaintiffs – Zachary Succow, Samuel Towne, Connecticut Citizens Defense League, Inc. (CCDL), and Second Amendment Foundation, Inc. (SAF) – respectfully submit this memorandum of law in opposition to Defendant Bondi's motion to dismiss.

    Bondi now asks the Court to dismiss the Plaintiffs' claims for lack of standing and because of res judicata. Both requests turn on a now-reversed, nationwide class certification of 18-20-year-olds made by the U.S. District Court for the Eastern District of Virginia to which Defendant Bondi had previously objected. The Fourth Circuit agreed with Defendant Bondi's argument that the certification of the class was erroneous, and vacated the certification.

1

Since both Bondi's standing argument and res judicata argument in this case are premised on the continued vitality of the Eastern District of Virginia class certification which Bondi herself opposed, and since that class no longer exists, this Court should deny her motion to dismiss in its entirety.

I.      **BACKGROUND**

On February 18, 2025, the Plaintiffs filed this action challenging federal and Connecticut statutes that collectively operate to prohibit 18-20-year-old, law-abiding citizens from purchasing, possessing, keeping, or carrying handguns for self-defense and all other lawful purposes. Dkt. 1. The Plaintiffs also sought an emergency temporary restraining order and a preliminary injunction. Dkt. 4. The Court first denied an ex parte temporary restraining order (Dkt. 16) and then denied a temporary restraining order after receiving briefing and hearing from the parties (Dkt. 34). The Court subsequently consolidated the preliminary injunction and permanent injunction hearings and directed the Defendants to file responsive pleadings by June 13, 2025. Dkt. 48. Defendant Bondi filed a motion to dismiss on June 13, 2025, which the Plaintiffs now oppose. Dkt. 57.

The Plaintiffs' claims against Bondi arise from her enforcement of 18 U.S.C. §§ 922(b)(1), 922(c), and 924(a)(1)(D), and 27 C.F.R. § 478.99(b)(1). Collectively, these statutory and regulatory provisions prohibit 18-20-year-olds from purchasing handguns and handgun ammunition from federal firearms licensees (FFLs) on the pain of criminal punishment for them and FFLs. Dkt. 49, ¶¶ 101-107. These provisions prohibit 18-20-year-olds from buying or otherwise obtaining handguns and ammunition at retail, and, working in concert with

Connecticut law, prohibit 18-20-year-olds from purchasing or otherwise obtaining handguns and ammunition at all.

Plaintiffs Succow and Towne are 19 years old. Dkt. 49, ¶¶ 32, 42. Both are law-abiding citizens who, except for their age, meet every state and federal qualification to obtain, keep, and carry handguns and ammunition for all lawful purposes. *Id.* at ¶¶ 31-51.

Plaintiffs CCDL and SAF are educational and membership organizations whose 18-20-year-old members are prohibited from buying or otherwise obtaining handguns and ammunition in Connecticut by federal and Connecticut laws. *Id.* at ¶¶ 52-59. Plaintiffs Succow and Towne are members of CCDL and SAF. *Id.* at ¶¶ 40, 51.

The Plaintiffs will add additional facts as they become necessary.

II.     **LEGAL STANDARD**

Defendant Bondi moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 57.

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) when a court lacks statutory or constitutional power to adjudicate the case before it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiffs bear the burden of establishing the Court's subject matter jurisdiction by a preponderance of the evidence. *Id.* When analyzing a 12(b)(1) motion, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint…, the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). This standard applies to motions challenging plaintiffs' standing. *See generally Carter*, 822 F.3d 47.

Dismissal is not appropriate under Fed. R. Civ. 12(b)(6) if "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face….' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A trial court must "draw all reasonable inferences in [the non-movant's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). "*Twombly* does not require heightened fact pleading of specifics," *In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007); instead, it "require[s] enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

The Second Circuit has made clear that "the doctrine of *res judicata* or issue preclusion in no way implicates jurisdiction." *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). Instead, "[*r*]*es judicata* challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Id.* at 253.

### III. ARGUMENT

    **A.** CCDL and SAF have Associational **Standing**[1]

---

[1] As noted in their response to Defendant Bucherati's and the State Defendants' motion to dismiss, CCDL and SAF claim associational standing only and therefore will not respond to the defendants' arguments regarding organizational standing. CCDL and SAF showed in their responses to Defendant Bucherati and the State Defendants that they can and do have associational standing with respect to claims under 18 U.S.C. § 1983. Defendant Bondi does not rely on the Second Circuit jurisprudence the other defendants invoke, and she contests only the third associational-standing prong, which no other defendant contested. Accordingly,

Defendant Bondi argues that CCDL and SAF lack associational standing because, she contends, they do not satisfy the third prong of the *Hunt* test: "when an association sues on behalf of its members, it must demonstrate that '… (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 362 (2d Cir. 2016) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)). This final criterion is "'prudential,' not constitutional," "'focusing on administrative convenience and efficiency.'" *Alliance for Open Soc'y Int'l Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 229 (2d. Cir. 2011) (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp.*, 517 U.S. 544, 555-56 (1996)). Defendant Bondi contends convenience and efficiency weigh against finding this prong satisfied because, she further contends, Plaintiffs' claims are barred by res judicata.

Plaintiffs show in Part III.B below that their claims are not barred by res judicata. Because they are not barred, Defendant Bondi's arguments regarding the third prong necessarily also fail. But it is worth observing the Defendant Bondi appears to misconceive what this prong means. The third prong is not "efficiency" or "convenience"; it is whether the claims or relief require individual members' participation. The correct inquiry turns on whether individualized proof is needed. *See Alliance for Open Soc'y Int'l*, 651 F.3d at 229. Thus, the third prong concerns efficiency and convenience only in the sense that it would not be efficient or convenient to allow an organization to litigate a case where "the fact and extent of the injury that gives rise to the claims for injunctive relief would require individualized proof…." *Alliance*

---

CCDL and SAF will not repeat their other standing arguments here and will instead simply incorporate them by reference.

5

*for Open Soc's Int'l*, 651 F.3d at 229. Instead, associational standing is properly found when individualized members' testimony would be duplicative or redundant. *Id.* at 229. Thus, Defendant Bondi's argument, which has nothing to do with whether individualized proof is necessary in this case, is actually irrelevant to the associational standing analysis that the Second Circuit has instructed the Court to perform.

CCDL and SAF easily satisfy the third prong of the *Hunt* test. Individualized proof is not necessary in this case because the associational claims involve only a general legal question whether the Second Amendment guarantees 18- to 20-year-olds the right to keep and bear handguns. Nothing about anyone's individual circumstances affects the answer to that categorical question. No individual member's testimony is necessary to establish that the challenged laws violate the Second Amendment.

Accordingly, Plaintiffs respectfully request the Court find that CCDL and SAF have associational standing and deny Defendant's Bondi's motion to dismiss on that ground.

### B. **Defendant Bondi's Arguments of Res Judicata/Class Membership Fail As No Such Class Exists**

Defendant Bondi argues that Plaintiffs' claims are barred as result of the class certification in *Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, Case No. 22-cv-410 (E.D. Va.). Plaintiffs will briefly state the relevant procedural history of that case to support their argument that Bondi is incorrect because no class exists anymore, the judgment and identity-of-parties elements of res judicata are not met, and Plaintiff Succow never met the criteria for class membership, anyway.

### a. Background regarding *Fraser*.

In June 2022, John Fraser filed a complaint in the United States District Court for the Eastern District of Virginia alleging that "18 U.S.C. § 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.124(a), [and] 478.96(b)…" violates the Second Amendment. *Fraser v. ATF*, No. 22-cv-410, ECF 1, p. 12 (E.D. Va., June 1, 2022). His complaint was on behalf of himself and a class of persons defined as

> Natural persons and citizens of the United States of America who *have attained the age of eighteen* but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

*Fraser*, No. 22-cv-410, ECF 1, ¶ 17 (emphasis added). An amended complaint which named additional plaintiffs but included the same class definition was filed on November 16, 2022. *Fraser*, ECF 18, ¶ 20. The plaintiffs subsequently moved for summary judgment on behalf of themselves and the class, *Fraser*, ECF 28 (E.D. Va., Dec. 15, 2022), but they had not yet filed a motion for class certification, and the court had not certified a class.

The district court granted the plaintiffs' motion for summary judgment (ruling that 18 U.S.C. § 922(b)(1) violates the Second Amendment) on May 10, 2023. *Fraser v. ATF*, 672 F.Supp.3d 118 (E.D. Va. 2023). Afterward, the court ordered the plaintiffs to file a motion for class certification. *Fraser v. ATF*, No. 22-cv-410., ECF 55 (E.D. Va., May 19, 2023). The plaintiffs did so on May 22, 2023. *Fraser*, ECF 56; *see also* ECF 58 (E.D. Va. May 24, 2023). The defendants (including the United States Attorney General) opposed certifying the class. *Fraser*, ECF 61 (E.D. Va. June 2, 2023). On August 30, 2023, the court granted the plaintiffs'

motion for class certification, certifying, pursuant to Fed. R. Civ. P. 23(b)(2), a class defined as "Natural persons and citizens of the United State of America who *have attained* the age of eighteen but who are not yet twenty-one …." (the "*Fraser* class") *Fraser*, ECF 78, at 1. (emphasis added). The next day, August 31, 2023, the Court entered final judgment. *Fraser*, ECF 88.

The *Fraser* defendants filed a notice of appeal on October 11, 2023. The Fourth Circuit recently reversed the summary judgment, holding that § 922(b)(1) does not violate the Second Amendment. *See McCoy v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, __ F.4th __, 2025 WL 1702193 (4th Cir. Jun 18, 2025). In addition, the Fourth Circuit agreed with the defendants that the district court erred by certifying the class. *See id.* at *2 n.1 (holding that the district court erred by certifying the class because it did not certify the class at the earliest practicable time, in violation of Fed. R. Civ. P. 23(c)(1)(A)). This holding vacates the class certification that Defendant Bondi relies on to support her *res judicata* argument.[2]

### b. Plaintiffs are not members of the *Fraser* class because the Fourth Circuit reversed the district court's certification of the class.

Defendant Bondi argues that the plaintiffs' claims are barred by res judicata because the individual plaintiffs and affected members of CCDL and SAF were members of the *Fraser* class. Defendant Bondi submitted this argument before the Fourth Circuit released *McCoy*.[3]

The only reasonable reading of *McCoy*'s footnote 1 is that the Fourth Circuit reversed the district court's certification of the class. Judge Quattlebaum's dissent illustrates that he

---

[2] The Fourth Circuit decided *McCoy* five days after Defendant Bondi filed her motion to dismiss in this action.

[3] Defendant Bondi did not disclose to the Court in this case that she asked the Fourth Circuit to reverse the class certification in *McCoy*. *McCoy*, 2025 WL 1702193, at *2 n.1.

8

understood the court's decision as decertifying the *Fraser* class. *See McCoy*, 2025 WL 1702193, at *22-23 (Quattlebaum, J., dissenting). Accordingly, no class exists, and Defendant Bondi's premise that "the individual plaintiffs are members of the class," Dkt. 57-1, at 1, 8, 9, is incorrect. They cannot be members of something that no longer exists. Because Defendant Bondi's entire res judicata argument depends on this premise, the Court should find that *McCoy* has decertified the *Fraser* class and deny Defendant Bondi's motion to dismiss.

> c. **Res judicata does not apply because once the Fourth Circuit reversed the class certification, there was no longer a judgment for or against any class member.**

Res judicata precludes parties from relitigating claims when a court of competent jurisdiction previously rendered a final judgment on the merits between the same parties on the same cause of action. *See Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 87-88 (2d. Cir. 1997). "There is of course no dispute that under elementary principles of prior adjudication a judgment in a *properly entertained class action* is binding on class members in any subsequent litigation." *Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) (emphasis added). But normally, the precise point of decertifying a class is to prevent a judgment from having res judicata effect. *See Key v. Gillette Co.*, 782 F.2d 5, 7 (1st Cir. 1986); *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615 (9th Cir. 1982); *Sayre v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 65 F.R.D. 379 (E.D. Pa. 1974); *Pritchard v. Cnty. of Erie*, No. 04-CV-534-A, 2018 WL 1036165, *9 (W.D.N.Y. Feb. 23, 2018).

*Smith v. Bayer Corp.*, 564 U.S. 299 (2011), instructs that only properly constituted class actions have res judicata effect. *Smith* considered a situation where a federal district court, acting pursuant to the "relitigation exception" to the Anti-Injunction Act, "enjoined a state

9

court from considering a plaintiff's request to approve a class action." *Id.* at 302. To summarize, two suits were filed by different plaintiffs in state court. *Id.* at 302-03. Later, the defendant (Bayer) removed one of them to federal court. *Id.* at 303. In both cases, the plaintiffs sought to certify a class of persons who had purchased Baycol (a Bayer product) in West Virginia. *Id.* The federal court reached the class issue before the state court did, and it decided not to certify the class. *Id.* at 303-04. The federal court then enjoined the state court from certifying the same class in the state case. *Id.* at 304.

The Supreme Court held that the federal court exceeded its authority by enjoining the state court, in part because it rejected Bayer's argument that principles of preclusion barred relitigation of the class question. "Bayer defends the decision below by arguing that Smith—an unnamed member of a proposed but uncertified class—qualifies as a party to the [federal] litigation." *Id.* at 313. But "Bayer's [argument] ill-comports with any proper understanding of what a 'party' is. In general, a 'party' to litigation is one by or against whom a lawsuit is brought, or one who becomes a party by intervention, substitution, or third-party practice." *Id.* (cleaned up). The Court noted that unnamed class members may be considered parties in some contexts, but emphasized that an unnamed class member is not a party *before* the class is certified. *Id.* "Still less does that argument make sense *once certification is denied*." *Id.* (emphasis in original).

Thus, state-plaintiff Smith never became a party to the federal case because he never became part of the proposed class. But the Court went further and held Smith's state-law request for class certification was not barred by principles of non-party preclusion, either. Citing *Cooper*, the Court noted that "one such principle allows unnamed members of a class

10

action to be bound, even though they are not parties to the suit." But Bayer had a problem: the federal suit was *not* a class action because the class was never certified. *Id.* at 314. Despite this, Bayer argued that the action was a properly conducted class action until the court denied certification, which according to Bayer implied that the federal plaintiff was effectively representing Smith and the federal court's ruling denying certification bound Smith. *See id.* at 314-15. The Supreme Court disagreed: "[W]e cannot say that a properly conducted class action existed at any time in the litigation." *Id.* at 315. "So in the absence of a certification under that Rule, the precondition for binding Smith was not met. Neither a proposed class action nor a rejected class action may bind nonparties." Only a class action that met the requirements of Rule 23 could have preclusive effect. *Id.*

*Smith* differs from the present case in its posture but not in its principles. In *Smith*, the federal court never certified a class; here, the district court certified the *Fraser* class but the Fourth Circuit determined certifying the class was error. Thus, in this case as in *Smith*, no properly conducted class action ever existed. Just as Bayer could not bind Smith on a theory of class representation when no class was certified, Defendant Bondi cannot bind Plaintiffs on a theory of class representation when no class was *properly* certified and the Fourth Circuit voided the class. *Smith* therefore dictates that res judicata does not bar the Plaintiffs' claims in this case.

In short, because the Fourth Circuit reversed the class certification, the elements of final judgment and identity of the parties are not met here. The district court's judgment in favor of the *Fraser* class is void and the Fourth Circuit's holding in *McCoy* regarding § 922(b)(1) is limited to the named parties. Thus, no person who was a member of the *Fraser* class and not

11

named as a plaintiff, has a final judgment for or against them, and no person who has a judgment in that case is a party to this case.

The foregoing is enough to show that res judicata does not apply here. A word regarding the irony of Defendant Bondi's argument is in order, though. On appeal from the decision in *Fraser*, the Department of Justice relied on the potential res judicata effect of the district court's decision as a reason why the Fourth Circuit should reverse the class certification:

> The problems with plaintiff's approach are especially apparent given the nationwide scope of the class. The Supreme Court has recognized that "nationwide class actions may have a detrimental effect by foreclosing adjudication by a number of different courts and judges" and that it "often will be preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts in different factual contexts." *Califano* [*v. Yamasaki*], 442 U.S. [682,] 702 [(1979)]. Those considerations counsel against certification in this case, where certification of a nationwide class threatens to prevent most circuits from ever addressing an important constitutional issue.

*McCoy v. ATF*, No. 23-2085, ECF 14-1, at 27 (4th Cir., Dec. 22, 2023). Likewise, in the district court, the defendants opposed class certification for similar reasons:

> The kind of nationwide class remedy Plaintiffs are asking for would prevent other courts from considering the important issues involved in this case in the same way that a nationwide injunction would. In the context of considering nationwide injunctions, the Supreme Court has repeatedly emphasized the benefits of percolating important questions of law in multiple forums. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (highlighting that nationwide injunctions "have a detrimental effect by foreclosing adjudication by a number of different courts and judges"); see also *Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring) (explaining that universal injunctions "take a toll on the federal court system—preventing legal questions from percolating through the federal courts, encouraging forum shopping, and making every case a national emergency for the courts and for the Executive Branch"); *Arizona v. Evans*, 514 U.S. 1, 23 n.1 (1995) (Ginsburg, J., dissenting) (recognizing "that when frontier legal problems are presented, periods of 'percolation' in, and diverse opinions from, state and federal appellate courts may yield a better

> informed and more enduring final pronouncement by this Court"). There are already other cases pending in different courts addressing challenges to the same federal laws at issue in this case, *see Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.); *Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023). If this Court enters nationwide, class-wide relief, it would not only interfere with these pending cases, but it would also prevent other districts and circuits from considering the same issues and allowing the best arguments on each side to percolate prior to potential Supreme Court review.

*Fraser*, No. 22-cv-410, ECF 61, at 8-9 (E.D. Va., June 2, 2023).

Indeed.

Plaintiffs' point, though, is not about whether the *Fraser* court should have certified the class. Rather, it is that Defendant Bondi's office is now advocating for the precise consequence that it previously opposed as undesirable.

If Defendant Bondi pursues her res judicata theory in light of *McCoy*, she will be asking the Court to place Plaintiffs in a situation where they have no judgment in *Fraser/McCoy* and cannot get one in this Court (or any other court). Such a ruling would effectively deprive Plaintiffs of access to the courts and an opportunity for their claims to be heard. The doctrine of res judicata does not call for that result. Therefore, Plaintiffs respectfully request the Court deny Defendant Bondi's motion to dismiss on the ground of res judicata.

### d. In the alternative, Plaintiff Succow is not, and has never been, a member of the class as defined.[4]

Defendant Bondi's memorandum assumes that Mr. Succow is a member of the *Fraser* class, but she does not demonstrate that he is. The class, by its plain terms, includes only persons who "have attained the age of 18," i.e., persons who were already 18 at the time of its

---

[4] Plaintiff Samuel Towne turned 18 one week before the *Fraser* class was certified. Therefore, the arguments in this subsection apply to Mr. Succow but not Mr. Towne.

certification on August 30, 2023. Plaintiff Zachary Succow's date of birth is January 12, 2006. Thus, Mr. Succow turned 18 on January 12, 2024. This means that he had not "attained the age of eighteen" at the time the *Fraser* class was certified on August 30, 2023. In fact, he had not turned eighteen by the time judgment was entered. In short, at no time before final judgment was he eligible for membership in the class.

Defendant Bondi does not include any argument showing why the court should interpret the class as including persons who had not attained the age of 18 by August 30, 2023. And there is no obvious reason why the Court should do so, as the plain definition of the class does not include them. Thus, for the additional reason that Mr. Succow does not satisfy the criteria for membership in the *Fraser* class, the Court should deny Defendant Bondi's motion to dismiss on the ground of res judicata as to Mr. Succow.

## IV.   **CONCLUSION**

CCDL and SAF have associational standing under *SFFA* and Plaintiffs' claims are not barred by res judicata as a result of the district court's now-reversed class certification in *Fraser*. Therefore, Plaintiffs respectfully request the Court deny Defendant Bondi's motion to dismiss.

Dated: July 7, 2025                              Respectfully submitted,

    *//s//   Doug Dubitsky*
Doug Dubitsky, Esq.
(ct21558)
LAW OFFICES OF DOUG DUBITSKY
P.O. Box 70
North Windham, CT 06256
Telephone: 860.808.8601
Facsimile: 866.477.1120
Email: doug@lawyer.com


    *//s//   Craig C. Fishbein*
Craig C. Fishbein, Esq.
(ct25142)
FISHBEIN LAW FIRM, LLC
100 South Main Street
P.O. Box 363
Wallingford, Connecticut 06492
Telephone: 203.265.2895
Facsimile: 203.294.1396
E-mail: ccf@fishbeinlaw.com

    *//s//   Cameron L. Atkinson*
    *//s//   Audrey J. Lynn*
Cameron L. Atkinson, Esq.
(ct31219)
Audrey J. Lynn, Esq.
(ct31814)
ATKINSON LAW, LLC
122 Litchfield Rd., Ste. 2
P.O. Box 340
Harwinton, CT 06791
Telephone: 203.677.0782
Facsimile: 203.672.6551
Email: catkinson@atkinsonlawfirm.com
        ajatkinson@atkinsonlawfirm.com

*Attorneys for the Plaintiff*

## **CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on the foregoing date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties and counsel of record who have appeared by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Cameron L. Atkinson /s/