UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZACHARY SUCCOW et al., | : | No.: 3:25cv250 (SVN) |
|    Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PAMELA JO BONDI et al., | : | |
|    Defendants. | : | July 21, 2025 |

**FEDERAL DEFENDANT'S
REPLY TO OPPOSITION TO MOTION TO DISMISS**

Pursuant to Local Civil Rule 7(d), the federal defendant, Attorney General Pamela Jo Bondi, respectfully submits this reply to the plaintiffs' opposition (ECF 60) to her previously filed motion to dismiss the amended complaint. At the outset, the entity plaintiffs appear to consent to the dismissal of their organizational claim, and that claim therefore should be dismissed. On the other hand, changed circumstances – namely the reversal of the district court's class certification order in Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives, Case No. 22-cv-410 (E.D. Va.) – compel the federal defendant to withdraw the portion of her motion to dismiss based on the district-court judgment in Fraser.

I.  The Entity Plaintiffs' Organizational Claims Should Be Dismissed

In their opposition, the entity plaintiffs state that they "claim associational standing only and therefore will not respond to the defendants' arguments regarding organizational standing." (ECF 60, at 4 n.1.) The Amended Complaint, however, alleges that each entity plaintiff "brings this action on behalf of itself" along with its members and others. (See Am. Compl. ¶¶52, 58.) As a result, it is clear that the entity plaintiffs –

at least at the time they filed the Amended Complaint – also alleged organizational standing, in the sense that "an organization can 'have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy.'" New York C.L. Union v. New York City Transit Auth., 684 F.3d 286, 294 (2d Cir. 2012) (quoting Warth v. Seldin, 422 U.S. 490, 511 (1975)). But it is equally clear that the entity plaintiffs do not now oppose dismissal of their respective organizational claims; the federal defendant therefore respectfully urges the court to grant that aspect of her motion both on the merits and because the entity plaintiffs do not oppose. (See Local Civil Rule 7(a)(2).)

II.     The Federal Defendant Withdraws the Arguments Based on the Fraser Class

The plaintiffs also argue that the federal defendant's arguments concerning preclusion and plaintiff class membership should be rejected because those arguments, which were premised on the individual plaintiffs' membership in a Rule 23(b) class in Fraser v. Bureau of Alcohol, Tobacco, Firearms & Explosives, Case No. 22-cv-410 (E.D. Va.), are no longer viable following reversal on appeal of the certification of that class. (Opp., at 8-9.)

The plaintiffs are correct that following the federal defendant's motion to dismiss, the United States Court of Appeals for the Fourth Circuit reversed not only the judgment of the district court in Fraser but also held "that the district court's decision to certify the class was an error." McCoy v. Bureau of Alcohol, Tobacco, Firearms & Explosives, 140

F.4th 568, 573 n.1 (4th Cir. 2025).[1] Since the federal defendant's 12(b)(6) arguments with respect to preclusion were premised on the membership of the individual plaintiffs in the Fraser class (and the entity plaintiffs' relationship with the members of the class), and since certification of that class has been reversed, the federal defendant will withdraw her 12(b)(6) arguments, at least for the time being. The federal defendant also withdraws the portion of her 12(b)(1) argument that relies on the existence of the Fraser class.[2]

David X. Sullivan
United States Attorney

\_\_\_\_/s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T: (860) 947-1101
F: (860) 760-7979
john.larson@usdoj.gov

---

[1] On July 3, 2025, the plaintiffs-appellees in that case filed a petition for a writ of certiorari in the Supreme Court. (See https://www.supremecourt.gov/docket/docketfiles/html/public/25-24.html.)

[2] The federal defendant notes that the co-defendants in this case have argued – on grounds that the federal defendant did not raise – that the entity plaintiffs lack associational standing, irrespective of whether § 1983 authorizes the entity plaintiffs' associational claims. (See ECF 65, at 5-7; ECF 66, at 8-10.) To the extent the court agrees, those arguments would apply with equal force to the federal defendant.