## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZACHARY SUCCOW, ET AL<br>  Plaintiff | : | No. 3:25-cv-00250-SVN |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAMELA J. BONDI, ET AL | : | |
|   Defendants | : | FEBRUARY 10, 2026 |

### DEFENDANT JOHN BUCHERATI'S POST-TRIAL BRIEF

Defendant John Bucherati hereby adopts the State Defendants' Findings of Fact and
Proposed Conclusions of Law included in their Post-Trial Brief (Entry No. 137) and further
submits the post-trial brief below.

### *Proposed Findings of Fact*

1. Defendant John Bucherati is the chief of police for the Town of Seymour. *Transcript of Proceedings, Volume II*, page 213, lines 14-16.

2. As the Chief of Police, Defendant Bucherati is responsible for making suitability determinations for pistol permit applications in the Town of Seymour. *Id.* at pages 215-26, lines 22-25, 1.

3. When making suitability determinations, Defendant Bucherati's policy and procedure is to rely on the laws set forth by statute in Connecticut. *Id.* at page 223, lines 23-24.

4. Connecticut law imposes several requirements in order to apply for an eligibility certificate for a pistol including, amongst other things, a safety training course with a live-fire component. Conn. Gen. Stat. § 29-36f(b)(1)(A); *Transcript of Proceedings, Volume I,* at page 176, lines 13-22.

5. In making suitability determinations, Defendant Bucherati first assesses the applicant's statutorial compliance by determining whether the applicant has any disqualifying factors

1

such as their age. After confirming disqualifying factors are not present, the applicant's background will be investigated, and the applicant may be asked for an interview. *Id.* at page 216, lines 2-12.

6. If an 18–20-year-old individual applied for a pistol permit through the Town of Seymour, officers of the Seymour Police Department would advise said individual that they are not permitted to have a pistol permit under the law and that if they were to pursue the application, the application would be denied. *Id.* at pages 217-218, lines 20-25, 1-3; *Transcript of Proceedings, Volume I,* at page 173, lines 15-16.

7. If the Court were to permit 18–20-year-olds to carry handguns, pistol permit applications of 18-year-olds would require the police department to conduct background investigations within the school system. *Transcript of Proceedings, Volume II.* at page 222, lines 17-22.

8. The Seymour Police Department is not aware of any police interactions with Zachary Succow, as Succow did not apply for a pistol permit through the Seymour Police Department. *Id.* at pages 219-220, lines 24-25, 1-2. *Transcript of Proceedings, Volume I,* at page 173, lines 15-16.

9. Succow turned 18 on January 12, 2024. *Id.* at page 170, lines 19-21.

10. At the time Succow turned 18, he did not do anything to bring a lawsuit to challenge the age restriction laws in place. *Id.* at pages 179-180, lines 22-25, 1-3.

11. The first time Succow considered becoming a plaintiff in this matter was when his father approached him and encouraged him to do so, believing it would be a good learning experience. *Id.* at page 181, lines 6-23.

4936-0595-1117, v. 1

12. Succow attempted to apply for a long-gun permit in 2025, but due to sending the application to the wrong address the application was returned to him and he never reapplied. *Id.* at pages 183-184, lines 17-25, 1-5.

13. Succow filed the above-captioned lawsuit in or around February 2025. *Id.* at page 177, lines 5-7.

14. At the time Succow filed the above-captioned lawsuit he had not completed the safety course required to apply for a pistol permit in Connecticut due to a snowboarding injury he received in January 2025 that resulted in a broken collar bone and significant injuries to his right ankle. Due to Plaintiff Succow's injuries, he was in a cast and on crutches for several months during which time he was unable to work. *Id.* at pages 177-178, lines 8-25, 1-14.

15. At the time of Plaintiff Succow's deposition, in or around September 2025, he still had not taken the safety course due to being on crutches and being unable to complete the live firing component of the safety course. *Id.* at pages 178-179, lines 20-25, 1-14.

16. At the time of Succow's deposition he was unsure of when he would be physically able to complete the gun safety course. *Id.* at page 179, lines 15-18.

17. Succow did not complete the gun safety course or the live-fire portion of the course until December 17, 2025. *Id.* at pages 186-187, lines 25, 1-6.

18. As part of the above-captioned lawsuit, Succow submitted a declaration, signed under penalty of perjury. *Id.* at page 184, lines 9-14.

19. Succow did not draft the declaration himself. *Id.* at page 185, lines 16-17.

20. Paragraph 8 of Succow's declaration asserted that he had met all the federal and Connecticut requirements to obtain a Connecticut pistol permit. *Id.* at page 185, lines 1-6.

21. The statement that Succow had completed all federal and Connecticut requirements to obtain a pistol permit was not a true statement. *Id.* at page 185, lines 1-15; page 187, lines 6-9.

22. Prior to signing the declaration, Succow did not do anything to confirm the accuracy or validity of the statements within the declaration. *Id.* at page 185, lines 12-15.

23. Succow did not notice or correct the fact that the declaration he signed was titled with the wrong name, which refers to the document as "Declaration of Nathan Stackpole." *Id.* at pages 185-186, lines 21-25, 1-2.

### *Proposed Conclusions of Law*

**A. Plaintiff Succow Lacks Article III Standing to Assert Claims Against Defendant Bucherati**

1. Article III of the United States Constitution limits federal court jurisdiction to actual "Cases" and "Controversies." To establish standing, a plaintiff must demonstrate: (1) an injury in fact that is concrete, particularized, and actual or imminent; (2) a causal connection between the injury and the conduct complained of that is fairly traceable to the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

2. The evidence adduced at trial establishes that Plaintiff Zachary Succow lacked standing at the time this action was filed and continued to lack standing throughout the relevant period of litigation as to Defendant John Bucherati.

3. Succow never applied for a Connecticut pistol permit through the Seymour Police Department, nor did he submit an application to Defendant Bucherati in his capacity as Chief of Police. As a result, Defendant Bucherati never made, nor was asked to make, any suitability determination regarding Succow. The absence of any application or interaction

between Succow and Defendant Bucherati defeats any claim of an actual, concrete injury traceable to this Defendant.

4.  At the time Succow filed this lawsuit in February 2025, he had not completed — and was physically unable to complete — the mandatory firearm safety course and live-fire training required under Conn. Gen. Stat. § 29-36f(b)(1)(A) to apply for a pistol permit. The evidence established that Succow's failure to meet these prerequisites was due to his own medical condition stemming from a snowboarding injury, not any conduct by Defendant Bucherati.

5.  Because Succow had not satisfied the statutory prerequisites necessary even to submit an application, any alleged future denial of a permit was speculative and contingent upon events that had not yet occurred and might never occur. Such hypothetical future harm does not constitute an "injury in fact" for purposes of Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

6.  Plaintiff's asserted injury was therefore neither "distinct and palpable" nor "actual or imminent," but instead rested on conjecture about how Defendant Bucherati might act under circumstances that did not exist at the time suit was filed. See *Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2023 U.S. Dist. LEXIS 43041, at *36 (S.D.N.Y. Mar. 13, 2023).

7.  The evidence demonstrates that any alleged injury to Succow was not clearly impending at the time this action was commenced. Succow conceded that he had not completed the required safety training and was uncertain when — if ever — he would be physically capable of doing so.

8.  Succow did not complete the safety course or live-fire requirement until December 17, 2025, nearly ten months after filing suit and less than a month before trial. Until that date, Succow

5

remained legally ineligible to apply for a pistol permit for reasons beyond his age, rendering any alleged harm remote, speculative, and dependent on future contingencies.

9. Even assuming arguendo that Succow suffered some injury, he failed to establish that any such injury was fairly traceable to Defendant Bucherati's conduct.

10. Succow's inability to apply for a pistol permit at the time of filing was caused by his failure to complete mandatory training requirements — a circumstance entirely independent of any action or policy implemented by Defendant Bucherati.

11. Defendant Bucherati's testimony established that suitability determinations are made only after an applicant satisfies all statutory prerequisites and submits an application. Because Succow never reached that stage, Defendant Bucherati did not take — and could not have taken — any action that caused Succow harm.

## B. Plaintiff's False Declaration Undermines Any Claim of Standing or Credibility

1. As part of this litigation, Plaintiff submitted a declaration under penalty of perjury asserting that he had satisfied all federal and Connecticut requirements necessary to obtain a pistol permit.

2. The evidence at trial conclusively demonstrated that this statement was false at the time it was made. Plaintiff had not completed the required safety training or live-fire component and therefore did not meet the statutory prerequisites to apply for a permit.

3. When questioned about the validity of the statements made in his declaration, Succow gave several versions of how the statements made it into the document and further confirmed that he did not do anything to ensure the accuracy of the statements.

4. Plaintiff's misrepresentation and false statements made under oath further underscore the absence of any concrete injury and undermines the factual basis for his claimed standing.

6

## C. Conclusion

Because Plaintiff Succow failed to establish injury in fact, imminence, causation, and traceability as required under Article III, this Court lacks subject matter jurisdiction over his claims against Defendant John Bucherati. Accordingly, judgment must enter in favor of Defendant John Bucherati on all claims.

DEFENDANT,
JOHN BUCHERATI

BY:_____
Richard J. Buturla (ct05967)
Berchem Moses PC
75 Broad Street
Milford, CT 06460
Tel: 203-783-1200
rbuturla@berchemmoses.com

7

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____
Richard J. Buturla

8

4936-0595-1117, v. 1