UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ZACHARY SUCCOW, ET AL

                Plaintiffs      CIV. NO. 3:25-cv-250

v.

TODD BLANCHE, ET AL

                               JULY 1, 2026

            Defendants

## STATEMENT OF THE DEFENDANT PATRICK DALEY

In response to the court's June 25, 2026, Order (#153), regarding the applicability of the Supreme Court's decision in *Wolford v. Lopez*, 609 U.S. ----, 2026 WL 1825723 (2026), the defendant, Patrick Daley, Chief of Police for the City of Norwich, hereby submits the following.

In *Wolford*, the Supreme Court emphasized that the right to bear arms under the Second Amendment is not "absolute" or "unlimited", and that the Second Amendment does not confer a right to "keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Wolford* v. *Lopez,* No. 24-1046, 2026 WL 1825723, at *5 (U.S. June 25, 2026). The court reiterated that its decisions should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms" including by certain classes of persons and in certain places. Id.

Chief Daley is responsible for enforcing the laws of the State of Connecticut as written by our legislature. The decision in *Wolford* is limited to a discussion of the constitutionality

1

of Hawaii Statute § 134-9.5, and similar statutes which prohibit firearms on certain private property opened to the public without express consent.  *Wolford* does not bear on Connecticut General Statutes § 29-28 or affect the positions previously advanced by Chief Daley at trial and in brief.[1]  Chief Daley respectfully relies on his Post Trial Brief filed on February 10, 2026.

DEFENDANT,
PATRICK DALEY

BY:   /s/ Michael E. Driscoll
Michael E. Driscoll (ct05364)
Lahan & King, LLC
53 Lafayette Street
Norwich, CT 06360
Phone  (860) 886-0011
Facsimile (860) 886-7755
mdriscoll@lahanking.com

---

[1]The decision cited by the plaintiffs in *United States* v. *Hemani*, No. 24-1234, 2026 WL 1751710 (June 18, 2026), is similarly confined to its facts and is not dispositive or particularly informative.  See e.g., *States* v. *Hemani*, No. 24-1234, 2026 WL 1751710, at *11 (June 18, 2026), ("[T]his case is a narrow one.").  Nevertheless, the court in *Hemani* again took pains to emphasize that "the Second Amendment has its limits", and that "American legislatures have long regulated the possession and use of firearms to some degree." Id. at *4.

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

/s/ *Michael E. Driscoll*
Michael E. Driscoll  (ct05364)