**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ZACHARY SUCCOW, ET AL | : | No. 3:25-cv-00250-SVN |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PAMELA J. BONDI, ET AL | : | |
|    Defendants | : | JULY 2, 2026 |

**DEFENDANT JOHN BUCHERATI'S BRIEFING REGARDING THE RECENT
*WOLFORD V. LOPEZ* RULING AND ADOPTION OF THE STATE DEFENDANTS'
BRIEFING REGARDING THE SAME (ENTRY NO. 158)**

Pursuant to the Court's June 25, 2026 Order, Defendant Bucherati respectfully submits this limited brief addressing whether the Supreme Court's recent decision in *Wolford v. Lopez,* Docket No. 24-1046, 2026 LX 331359 (June 25, 2026) has any bearing on the issues presented in this action. It does not. *Wolford* concerned the constitutionality of restrictions on carrying firearms onto certain categories of private property open to the public and did not address age-based qualifications for obtaining a pistol permit or otherwise alter the framework established in *New York State Rifle & Pistol Association, Inc. v. Bruen*. Rather, the Supreme Court reaffirmed the proper application of the historical-tradition analysis articulated in *Bruen*.

For the reasons previously set forth in Defendant Bucherati's prior briefings—which Defendant Bucherati incorporates herein—and as further discussed below, *Wolford* does not affect the analysis of Connecticut's minimum-age requirement for a pistol permit. Defendant Bucherati also adopts and joins the arguments set forth in the State Defendants' concurrent brief addressing *Wolford* and its application to this case (Entry No. 158).

1

## A. ARGUMENT

### I. *WOLFORD* DOES NOT ALTER THE GOVERNING *BRUEN* FRAMEWORK

*Wolford* does not modify or expand the governing framework established in *Bruen.* Instead, the Supreme Court reaffirmed that Second Amendment challenges continue to be analyzed under the same two-step inquiry set forth in *Bruen.* In the *Wolford* decision, the Supreme Court reiterated the test established by *Bruen,* stating:

> "In *Bruen,* we considered one such decision, which upheld a New York law that severely restricted the right to carry a handgun outside the home for self-defense. In doing so, we fleshed out the process of historical analysis required in a Second Amendment case. That analysis, we held, involves two steps. First, a court must determine whether the law before it clashes with the "plain text" of the Amendment's language. This inquiry entails three subsidiary questions. First, does the law apply to "the people"—which is to say, to "all members of the political community"? Second, does it concern any form of "Arms," *i.e.,* any weapon customarily used for offensive or defensive purposes? Third, does the law place any restrictions on either the "keep[ing]" (*i.e.,* possession) or the "bear[ing]" (*i.e.,* carrying) of arms?" *Wolford v. Lopez,* Docket No. 24-1046, 2026 LX 331359, at *13-14 (June 25, 2026) (internal citations omitted).

The Supreme Court in *Wolford* began its analysis by properly applying the test set forth in *Bruen,* stating: "As with any Second Amendment challenge, we began by asking whether the restrictions imposed by the challenged law fall within the plain text of the Second Amendment, see *Bruen,* 597 U. S., at 17, 142 S. Ct. 2111, 213 L. Ed. 2d 387." *Wolford v. Lopez,* Docket No. 24-1046, 2026 LX 331359, at *22 (June 25, 2026). The Court went onto find: "In short, Hawaii's law severely hampers the ability of a law-abiding citizen to exercise the right *Bruen* recognized." *Id.* at 26. The Supreme Court went on to the second step of the *Bruen* analysis, "At this second step, the inquiry mandated by *Heller* and *Bruen* turns to an exploration of the historical understanding of the scope of the right the Constitution codified." *Id.* at 27.

As demonstrated above, the Supreme Court in *Wolford* did not announce a new analytical framework or modify the methodology established in *Bruen.* Rather, the Court simply applied

2

the same two-step inquiry that has governed Second Amendment challenges since *Bruen* was decided. The Court first examined whether the challenged restriction implicated conduct protected by the plain text of the Second Amendment and then proceeded to determine whether the restriction was consistent with the Nation's historical tradition of firearm regulation. This is the same framework employed by the parties throughout this litigation and previously briefed before this Court. Accordingly, *Wolford* does not alter the manner in which this Court should analyze the constitutionality of Connecticut's age-based pistol permit requirements.

## II.    *WOLFORD* DOES NOT ADDRESS AGE-BASED RESTRICTIONS ON FIREARM LICENSING

Although *Wolford* applies the analytical framework established in *Bruen*, it does so in the context of a materially different constitutional challenge.

> "The second restriction—the one at issue in this case—generally prohibits licensed individuals from carrying a firearm, even if unloaded or inoperable, "on private property of another." §134-9.5(a). Certain categories of individuals, such as police officers, are exempt, §§134-9.5(d), 134-11(a), but the ban otherwise applies unless "express authorization" has been given "by the owner, lessee, operator, or manager of the property," §134-9.5(a). Such authorization must take one of two forms: "clear and conspicuous signage" that confers such consent or "[u]nambiguous written or verbal authorization" to carry a firearm on the premises from "the owner, lessee, operator, or manager of the property" or an agent of such a person. §134-9.5(b)." *Wolford v. Lopez*, Docket No. 24-1046, 2026 LX 331359, at \*20-21 (June 25, 2026).

The Supreme Court was not asked to consider, nor did it address, the constitutionality of age-based eligibility requirements for obtaining a firearm permit or license. Accordingly, nothing in *Wolford* speaks to the validity of Connecticut's statutory requirement that an applicant be at least twenty-one years old to obtain a state pistol permit.

Nor did the Supreme Court address whether individuals under the age of twenty-one fall within the scope of "the people" protected by the Second Amendment for purposes of challenging age-based licensing requirements. Rather, the Court expressly noted that "No party

3

disputes that petitioners are among 'the people'" and therefore proceeded directly to the remainder of the *Bruen* analysis. *Id.* at 4. Because that issue was neither disputed nor decided, *Wolford* provides no guidance on the specific constitutional question presented in this case.

Instead, the issue before this Court remains whether Connecticut's minimum-age requirement for obtaining a pistol permit is consistent with the Nation's historical tradition of firearm regulation under the framework established in *Bruen*. As set forth in Defendants' prior briefing, the historical record demonstrates that age-based restrictions on the acquisition and possession of firearms are firmly rooted in this Nation's history and tradition. *See* Defendant Bucherati's *Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction* (Entry No. 90). Because *Wolford* neither considered nor altered that historical inquiry, it does not affect the analysis previously presented to this Court.

### III.   PLAINTIFFS' SUPPLEMENTAL AUTHORITIES LIKEWISE DO NOT CHANGE THE ANALYSIS.

Plaintiffs contend that this Court should consider the Supreme Court's decision in *United States v. Hemani* in conjunction with *Wolford*. (Entry No. 155). Defendant Bucherati does not dispute that *Hemani*, like *Wolford*, is recent Supreme Court authority interpreting the Second Amendment. However, *Hemani* likewise does not modify the analytical framework established in *Bruen* or otherwise alter the analysis applicable to the present case. As in *Bruen* and *Wolford*, the Supreme Court in *Hemani* applied the same two-step inquiry, first determining whether the challenged regulation implicated conduct protected by the plain text of the Second Amendment and then examining whether the restriction was consistent with this Nation's historical tradition of firearm regulation. "[W]e have said, "the appropriate analysis involves considering whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." And, to that end, the government may "reaso[n] by analogy," showing that its

4

contemporary regulation is "relevantly similar" to ones "well-established" in the Nation's history." *United States v. Hemani*, Docket No. 24-1234, 2026 LX 312182, at *13 (June 18, 2026) citing to *Bruen*, 597 U. S., at 28-30, 142 S. Ct. 2111, 213 L. Ed. 2d 387.

The Court did not announce a new standard, alter the historical-tradition inquiry, or otherwise depart from the methodology that has governed Second Amendment cases since *Bruen*. Accordingly, *Hemani* does not affect the legal framework previously briefed by the parties in this action.

Moreover, the factual circumstances presented in *Hemani* bear little resemblance to those before this Court. *Hemani* involved a criminal prosecution under a federal statute prohibiting an individual who admittedly used marijuana on a regular basis from possessing a firearm. *Id*. at 10. The government sought to permanently disarm the defendant based on his status as an unlawful user of a controlled substance, exposing him to criminal penalties and lifelong disarmament. *Id*. at 10-11. By contrast, this case concerns Connecticut's prospective age qualification for obtaining a state pistol permit. Plaintiffs are not subject to a permanent prohibition on firearm ownership or possession, nor are they challenging a criminal prosecution predicated on unlawful conduct or controlled substance use. Rather, Plaintiffs challenge a temporary age-based eligibility requirement that delays, but does not permanently foreclose, the ability to obtain a pistol permit upon reaching the age established by Connecticut law.

Plaintiffs further filed a Notice of Supplemental Authority on June 29, 2026 regarding *Eubanks v. State of Florida*, a recent Florida decision addressing the constitutionality of that state's age-based firearm licensing statute. (Entry No. 154). While Defendant recognizes that *Eubanks* involves a similar legal issue, it is not binding authority on this Court and does not control the disposition of the present case. Moreover, *Eubanks* concerns the interpretation of

5

4936-3791-2249, v. 1

Florida law by a Florida court and is presently of persuasive value only. In any event, the Court's June 25, 2026 Order requested limited briefing addressing the impact of *Wolford* on this action. Accordingly, *Eubanks* does not alter Defendant's position that *Wolford* neither modified the governing *Bruen* framework nor affected the historical analysis previously presented to this Court.

DEFENDANT,
JOHN BUCHERATI

BY:_____
Richard J. Buturla (ct05967)
Alanna M. Ferrigno
Berchem Moses PC
75 Broad Street
Milford, CT 06460
Tel: 203-783-1200
rbuturla@berchemmoses.com

6

4936-3791-2249, v. 1

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

_____
Richard J. Buturla

7

4936-3791-2249, v. 1