**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ZACHARY SUCCOW et al., | : | No.: 3:25cv250 (SVN) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PAMELA JO BONDI et al., | : | |
| Defendants. | : | July 2, 2026 |

## <u>FEDERAL DEFENDANT'S RESPONSE TO ECF 153</u>

Pursuant to the court's June 25, 2026 order (ECF 153), the federal defendant respectfully submits this brief regarding the Supreme Court's decision in <u>Wolford v. Lopez</u>, 609 U.S. ----, 2026 WL 1825723 (2026).  Although <u>Wolford</u> clarifies the framework for resolving Second Amendment claims, it does not affect the application of that framework to this particular case.

In <u>Wolford</u>, the Supreme Court struck down a Hawaii law that prohibited those carrying a firearm from entering private property that is open to the public "without express authorization" because the law violated the Second Amendment.  2026 WL 1825723, at *7.  In doing so, the Court applied the two-part test it adopted in <u>New York State Rifle & Pistol Assn., Inc. v. Bruen</u>, 597 U.S. 1, 142 (2022).  At step one, it "began by asking whether the restrictions imposed by the challenged law fall within the plain text of the Second Amendment," ultimately concluding that it did.  2026 WL 1825723, at *9-10.  Thereafter, the Court "move[d] on to the second step" of <u>Bruen</u>'s test, where "the inquiry mandated by [<u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008)] and <u>Bruen</u> turns to an exploration of the historical understanding of the scope of the right the Constitution codified."  <u>Id.</u> at *10.  Following that exploration and considering the

historical analogues offered by Hawaii (which the Court determined were "vastly different from Hawaii's new default rule"), the Court held that Hawaii's law "violates the constitutional right to keep and bear arms." Id. at *12-*14.

Wolford provides substantial guidance about how courts should apply Bruen's first step. It explains, for example, that the first step "entails three subsidiary questions": (1) whether the law applies to "the people"; (2) whether it concerns "Arms"; and (3) whether it restricts the "keeping" or the "bearing" of arms. Id. at *6 (citations omitted). In this case, however, the federal government does not dispute that the conduct at issue is implicated by the Second Amendment. Therefore, nothing in Wolford's discussion of step one of the Bruen test affects the federal government's arguments here.

Wolford also elaborates on how courts should apply step two of Bruen. Specifically, Wolford emphasizes that at step two, "the relevant government—federal, state, or local—may be able to show that its challenged law did not infringe the historical understanding of the codified right" through reference to "[a] variety of sources, including scholarship" and "what Bruen called historical analogues." 2026 WL 1825723, at *6. As to the latter, Wolford emphasized that "Bruen identified three important inquiries that courts should undertake in evaluating proffered analogues": first, "the number of jurisdictions in which they were adopted"; second, "the extent to which they were well-accepted"; and third, "whether any analogue or collection of analogues is 'relevantly similar' to the modern law, taking into account the "why" and "how" of the current restriction. Id. (quoting Bruen). As Wolford makes clear, however, the "three

2

important inquiries" at step two – and the analytical framework more broadly – are specifically derived from <u>Bruen</u>; they do not alter it.  <u>See id.</u>

The federal government's prior briefing in this case cited both Founding-era scholarship and historical analogues and argued its position through the three inquiries highlighted by the Court in <u>Wolford</u>, namely, first, widely adopted laws from the Founding that recognized the "infancy" and lack of rights of those under the age of twenty-one, itself a well-accepted principle at the time; and second, the "why and how" of current federal restrictions on the commercial purchase of handguns by those under the age of twenty-one, which comport with that historical tradition.

In sum, as it pertains to the issues relevant to this case, <u>Wolford</u> elaborated on but did not materially change the two-part test originating in <u>Bruen</u>, which test was discussed at length in the parties' briefing.

David X. Sullivan
United States Attorney


    /s/
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov